Case 96—PETITION EQUITY—January 28.

# Dumesnil v. Dumesnil, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Deeds—Power of Appointment.—The power may be given to one of several grantees in a deed to annul the use therein named and create others, and the other grantees take subject to the exercise of this power.

2. Same.—Where the consideration is paid by the donee of such a power his creditors can subject the property even in the hands of the appointee, unless he be a *bona fide* purchaser

3. Same.—Parties to Action.—Grantees in a deed who take subject to the exercise by another, of a power of appointment, are not necessary parties to an action by one to whom the donee of the power has appointed the property seeking to compel a specific performance of a. contract for its sale, the exercise of the power of appointment having deprived them of all interest.

CHARLES S. GRUBBS, W. P. HILLSMAN for appellant.

1. A general power of appointment can not be given in a deed of bargain and sale because (1) the appointee is not within the consideration and (2) because the persons who may take under the appointment are uncertain. (Mildmay's Case, 1 Coke's Rep., 177; Sugden on Powers, vol. 1 (Ed. 1836), chap. 3, sec. 2, par. 165; Minor's Institutes, vol. 2, pp. 820, 825, 826; 2 Th. Co. Lit., 579 N. "A," 586 N. (B), Lord Chief Baron Gilbert; Saunders on Uses and Trusts, vol. 2, p. 42; Statute 27 Henry VIII., chap. 10; Virginia Code, 1873, chap. 112, sec. 1; Perry on Trusts, sec. 299, note; 1 Morehead and Brown, p. 443; Gen. Stats., Ky., chap. 24, sec. 3; Tiedeman on Real Property, sec. 559; 1 Lom. Dig., 220, 576; 2 do., 184; 8 and 9 Vic., chap. 106; Virginia Code, 1873, chap. 112, sec. 4; Smith v. Smith, 1 Jones' Law, 135; 59 Am. Dec., 581; Latham v. Skinner, Phillip's Equity, 298; Levy v. Griffis, 65 N. C., 284; Hogan v. Strayhorn, 65 N. C., 284; Rev. Stats., N. C., chap. 37, sec. 1, Rev. Code, chap. 37, sec. 1.)

2. The courts of this State are disinclined to give effect to such a power because (1) it has the effect to take away property from infant children and (2) because it is against public policy for a man to have the practical ownership of property not subject to his debts. (Powell v. Powell, 5 Bush, 619.)

3. As to the power to mortgage a married woman's separate estate. (Hirschman v. Brashears, 79 Ky., 258; Magill v. Mer. Trust Co., 81 Ky., 129; Hounshell v. C. F. Ins. Co., 81 Ky., 304.)

Dumesnil v. Dumesnil, &c.

4. As to defect of parties.  (Civil Code, sec. 36; Civil Code, sec. 24.)

C. B. SEYMOUR for appellees.

1. Whatever may be the English law, it is unquestionable that in Kentucky, both under the decisions and by express statute, a power created in a deed of bargain and sale may be well exercised although the pecuniary consideration supporting the deed did not move from the appointees under the power.  (Gen. Stats., chap. 24, sec. 3; *Idem*, art. 1, secs. 6, 19; Johnson v. Yates, 9 Dana, 495; Duvall v. Graves, 7 Bush, 461; O'Bannon v. Musselman, 2 Duv., 523; Walker v. Smyser's Executors, 80 Ky., 620; Ricketts v. St. Louis, &c., R. Co., 12 Ky. Law Rep., 863.)

2. Even under the authority cited as representing the English law the power is well created, for Antoine Dumesnil is not a stranger to the deed nor a stranger to the consideration.

3. The reasoning on which the objection made by appellant is based is extremely technical and has never been satisfactory even to the most technical English lawyers.  (Sugden on Powers, p. 160, chap. 3, sec. 2, No. 5.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

March 1, 1886, Henrietta Ormsby conveyed a lot to the appellee, Julia H. Dumesnil, as the party of the second part in the deed, for her separate use for life and then to her children by her then husband, Antoine Dumesnil; if she left none then to him as party of the third part for life; and if the survivor of the second and third parties left no issue of their marriage surviving, then the property to pass forever to the heirs of the party of the third part.

The deed, however, provided: "Subject, nevertheless, to the power in the said party of the third part, and the power is hereby granted to and vested in him, to set aside and annul the uses hereinbefore declared, or any of them, and to appoint the said property to such other uses, to spring or shift as he may declare by deed or will, as he may at any time see fit; but the power so vested in the said party of the third part is hereby made subordinate to and shall not be construed or exercised to disturb or interfere in

any way with an unsatisfied mortgage on the said property executed in pursuance of the power hereinafter granted; and, as it is intended to improve the said property, this deed is further made subject to the power in the said parties of the second and third parts, and the power is hereby granted to and vested in them to convey by their joint deed, duly acknowledged and recorded, the said property in mortgage in *fee-simple* to raise funds for that purpose; and in such event the mortgagee shall not be bound to look to the application of the moneys so raised."

Subsequently the appellee, Antoine Dumesnil, in the exercise of the power claimed by him under the Ormsby deed, executed a deed poll annulling the uses declared in the Ormsby deed and appointed the property to his wife for life with remainder to his own use, and if he and his wife should sell it then to the use in *fee-simple* of the vendee. The wife united in this deed and agreed to hold upon the use declared in it. After this they sold the property to the appellant, H. Dumesnil, by contract; and he. having refused to accept a deed from them upon the ground that they could not make a good title, this action was brought by them to compel a specific performance. The lower court so ordered.

It is said, as the petition shows the appellees have children, there was a defect of parties. If, however, the power of appointment in the father was valid then, owing to its exercise, they had no interest, and were therefore not necessary parties.

It is urged that the interest of the wife was her separate estate and that it can not by law be mortgaged for the husband's debt. The purpose of giving the mortgage

was to improve the property. The wife was a party to the entire transaction, and it was no more the debt of the husband than her own. Moreover, it was authorized by the conveyance under which she acquired the estate. She took subject to it.

Counsel for the appellant say, if a power like the one now in question be upheld it will enable one to enjoy an estate without its being subject to his debts, and therefore it should be held invalid as contrary to public policy. This alarm is unfounded. If upon the making of the deed creating the power the consideration should be paid by the donee of the power his creditor could subject the property, and after the exercise of the power they could still reach it in the hands of the appointee unless he were a *bona fide* purchaser.

Having noticed these minor questions we now turn to the main one: Was the power given in the Ormsby deed to the husband to annul the uses therein named and create others a valid one? It is said that it was not because the appointees of the use, whom he might select, were unknown, and being so were necessarily not within the consideration for the Ormsby deed. It was one of bargain and sale; the power was a general one, and those who might take from its exercise were unknown; and, it is said, no part of the consideration could therefore be considered as moving from them. Although the poll deed named them and made them certain, yet if the power to annul the uses named in the Ormsby deed and name new ones was invalid then the change was void *ab initio*. What were to be the new uses in case of an exercise of the power was not declared in the Ormsby deed. It created what under the law of uses might be termed an

estate to commence *in futuro* in the nature of a shifting use. Both the uses and beneficiaries were uncertain. Was the poll deed therefore void?

The English doctrine of uses, and as introduced into this country, is very complicated and many of its rules exceedingly technical. We shall not attempt to review them, although the counsel for the appellants have done so in an interesting brief, showing great research and learning. The law upon this subject has been greatly simplified in this State by decision and statutory provision. For the most part the refined distinctions of the ancient law as to conveyances of different descriptions have been swept away, and the technical rules relating to them are no longer in force.

Thus, the General Statutes, chapter 24, section 3, provides: "All deeds of bargain and sale, deeds to stand seized to use, deeds of release and deeds of trust shall be held to vest the possession of the grantor in the grantee to the extent of the estate intended to be conveyed."

This statute swept away all the ancient and technical distinctions between these different kinds of conveyances as to the transmutation of possession. It is said a use can not be raised without a consideration. It does not appear whether in this instance it came from the husband or wife; but it does not matter under our law, however, from whom it moves to the bargainor. Our statute provides that no trust shall result to the party paying the consideration when the conveyance is made to another. The deed in question conveys certain interests to certain parties but gives the power to one of the grantees to make other disposition of the property. This is all of it. The other grantees take subject to the exercise of this power.

Our General Statutes, chapter 63, article 1, section 6, provides: "Any interest in or claim to real estate may be disposed of by deed or will in writing. Any estate may be made to commence *in futuro*, by deed in like manner as by will, and any estate which would be good as any executory devise or bequest shall be good if created by deed."

If property be given by will with a power to one of the devisees to dispose of it or change the uses the power would be valid. The other parties take whatever interest is named for them, subject to the exercise of the power. While, according to the law of uses, unmodified by our law, an estate could not be created by virtue of a general power of appointment in a covenant "to stand seized" to uses, or in a deed of bargain and sale, because no consideration could be considered as moving from an unknown appointee, yet such is not now the law in this State.

If, for instance, a conveyance be made by a husband for the use of the wife for life to a third party with power in the wife to dispose of the property by deed or will to whomsoever she pleases, but in default of such appointment to pass to her heirs, the exercise of this power by her would be valid although the conveyance creating the power is altogether silent as to the appointees and they are unknown. (Johnson v. Yates, 9 Dana, 491.)

If a consideration moves to a grantor, it matters not from whom, it is sufficient to give full operation to the deed. It supports all the uses named in it and any power given to appoint them. In our opinion the appellees have a good title to the property.

The judgment is therefore affirmed.