CASE 18—INJUNCTION AGAINST OBSTRUCTING PASSWAY—
JUNE 7.

## Lebus v. Boston, Etc.

APPEAL FROM HARRISON CIRCUIT COURT.

1. WAYS—EXTINGUISHMENT.—A right of way is extinguished by the union of the title to the dominant and servient estate in the same person, and a subsequent conveyance of the servient estate with an express waiver of the right of way will operate to extinguish a right in favor of the dominant estate which would otherwise exist "as a way of necessity."

2. SAME—EVIDENCE.—Parol evidence showing the existence of a

right of way by necessity being admitted, the same character of evidence was competent to show an express waiver.

BLANTON & BERRY FOR APPELLANT.

A way of necessity having once been established by agreement of parties and continuously used as a matter of right for the prescriptive period, upon the unity of title of the dominant and servient estate in one owner, is not extinguished or merged by this unity of title, and especially so in view of the fact that the owner of the two estates himself, during the time he was the owner of both tracts, subjects the one tract to the same open, permanent and continuous easement or passway. Even if the easement was merged it immediately revives upon the severance of the title, and the purchaser of the servient estate takes' the same with the burden of this easement. No words or reservation are necessary. The easement is appurtenant to the land retained by the grantor as a way of necessity. Strohmier v. Leahy, 10 Ky. Law Rep., 334; Jones on Easements, secs. 131, 141, 145, 146, 157, 836; Tiedeman on Real Property, secs. 598, 602; Henry v. Koch, 80 Ky., 395; Post v. Pearsall, Leading Cases in American Law of Real Property, vol. 4, p. 74; Haggard v. Robinson, 3 Mason, 372; Worne v. Marsh, 6 Phila., 33; Phillips v. Phillips, 86 Am. Dec., 577, 580; Seymore v. Lewis, 78 Am. Dec., 108; Church v. Dobbins, 34 Am. Dec., 707; Estep, &c., v. Hammond, 20 Ky. Law Rep., 98; Am. & Eng. Ency. of Law, vol. 9, p. 98; Tracy v. Atherton, 82 Am. Dec., 621.

SAME COUNSEL IN A PETITION FOR A REHEARNING.

Additional citations: Butt v. Napier, 14 Bush, 39; Hall v. McLeod, 2 Met., 98; Champion v. Munday, 85 Ky., 34; 1 Greenleaf on Ev., secs. 275, 281, 282; 2 Hilliard Abr., 359; Amer. Law Reg., Nov., 1886, p. 715; Coke on Litt., 143; Ellis v. Bossett, 25 Am. St. Rep., 421; O'Daniel v. O'Daniel, 88 Ky., 189; De Rachemont v. Burlington, 64 N. Hamp., 500; Robinson v. Thrailkill, 110 Ind., 117.

COLLIER & DEDMAN FOR APPELLEES.

(Brief withdrawn.)

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant against appellees to recover damages for obstructing a passway leading from a public highway over the lands of appellees to those of ap-

pellant, and to enjoin the further interference of the use
of said passway by appellant.

• The facts necessary to be stated, and about which
there seems to be no dispute, are these: In No-
vember, 1871, Henry Cox and his wife conveyed
to Charles Ann Cosby, for life, with the remain-
der to her children, a tract of eighty acres of land, and
subsequently, in November, 1872, the same grantors con-
veyed to Judge Redmond, the father of Mrs. Cosby, a tract
of 103 acres of land, which was located between the eighty
acres conveyed to Mrs. Cosby and the public road. There
was no passway to or from the eighty acres conveyed to
Mrs. Cosby and her children to the public highway, and in
the fall of 1872 Redmond gave to his daughter a passway
over his tract, and Mrs. Cosby and her family used this pass-
way over the 103 acres until the death of her father, Judge
Redmond, from whom she inherited the 103 acres. On the
14th day of November, 1890, Mrs. Cosby and her husband
sold and conveyed by general warranty deed the tract
of 103 acres to N. W. Frazier, which deed contained this
reservation: "The first party is to give possession March
1, 1891, and it is further understood that the eighty acres
above named is to bear its part of expenses as to gate,"
etc., "to the said eighty acres by the passway." A short
time thereafter,—in December, 1890,—Frazier also pur-
chased the eighty acres deeded to Mrs. Cosby
and her children, which were sold under a judg-
ment of the Harrison Circuit Court; thus becom-
ing the owner in fee simple of both tracts of land,
which he continued to own until the 24th day of Febru-
ary, 1896, when he sold and conveyed by general warranty
deed 93.54 acres of the land to appellee, Margaret Ann Bos-
ton. Frazier died in 1897, and on the 2d day of October,

1897, his heirs sold and conveyed the remainder of the 183 acres, consisting of 90.11 acres, to appellant. It is alleged and shown by the proof that during the time that Frazier was the owner of both tracts of land he used the passway to get to the eighty-acre tract. The land conveyed to Mrs. Boston included that portion of the 103 acres occupied by the passway, but there was no reservation thereof in the deed to her, whilst in the conveyance of the residue by the heirs of appellant this passway. was expressly conveyed.

It is alleged by appellee that at the time of the sale and conveyance of the 93.54 acres by Frazier to her it was expressly agreed and understood, and was a part of the consideration for said conveyance, that no passway should remain over the land sold to her in favor of the residue of the tract retained by the vendor. This averment is denied, but is proven by W. R. Gregory; and Durbin (who examined the title of this land for Mrs. Boston) testifies that it was agreed that there was to be no passway over the land, and that Frazier stated that there was no necessity for such passway, as he had another outlet to another pike, and other ways to get out; and that it was only with this understandinng that Mrs. Boston accepted the deed.

In 1890 the unity of possession and title to both tracts was in Frazier, and continued in him uninterruptedly until the sale, in 1896, to appellee.

It is the contention of appellee that Frazier could not have an easement in his own land, as the uses of an easement are covered by the general right of ownership; that the easement was merged and suspended in the larger estate; and having sold and conveyed that portion of the boundary occupied by the passway by unqualified grant,

there is no implied reservation of the use of it for the benefit of the grantor.

Whilst on the other hand, it is contended by appellant that as Frazier, during the time that he was the owner of both tracts of land, continuously used the pass-way over the one hundred and three acres in traveling to and from the eighty-acre tract, and at the time of the sale it was notorious, visible, and well marked, and the purchaser took subject to its continued use, without express reservation to that effect, the parties are presumed to contract in reference to the condition of the property at the time of the sale; and neither has the right, by altering arrangements then openly existing, to change materially the relative value of the respective parts—relying upon Jones, on Easements, section 141.

The legal question, then, is, does the law attach to the unqualified grant from Frazier to Boston of the 93.54 acres, which includes the whole of this passway, an implied reservation of the use of it for the benefit of the 90.11 acres which he still retained?

An examination of this question shows that: "There is a general concurrence of authority, both in England and in this country, in support of the proposition that on the grant by the owner of a tenement of part of that tenement as it is then used and enjoyed there will pass to the grantee those easements which are necessary to the reasonable enjoyment of the property granted, and which have been and are at the time of the grant used by the owner of the entirety for the benefit of the part granted; but upon the question whether, upon such a grant, the law will ingraft reservation of such easements in favor of the part retained by the grantor, the authorities, until quite recently, have been very conflicting," but the latter cases

hold that, "if the grantor intends to reserve any right from the right of any tenements granted it is his duty to reserve it expressly in the grant, and to this the only exception is ways or easements of necessity." (See Mitchell v. Seipel, 53 Md., 262 [36 Am. R., 404], and cases cited; Strohmier v. Leahy, 10 Ky. L. R., 334, [9 S. W., 238].)

All the text writers and decisions have drawn a distinction between implied grants and implied reservations. Jones, in his work on easements, discusses this difference in chapter 3, citing numerous decisions, and states the general rule to be that, "where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part" (section 129).

But holds that: "There is no implied reservation of an easement in case one sells a part of his land over which he has previously exercised a privilege in favor of the land he retains unless the burden is apparent, continuous, and strictly necessary for the enjoyment of the land retained. A grantor can not derogate from his own grant, and, as a general rule, he can not retain a right over a portion of his land conveyed absolutely only by express reservation. Thus, if a man makes a lane across one farm to another, which he is accustomed to use, and then conveys the farm without reserving a right of way, it is clearly gone. A man can not, after he has absolutely conveyed his land, still retain the use of it for any purpose, without an express reservation. It is only in the cases of the strictest necessity that the principle of implied reservation can be invoked." Section 136.)

The fact that one has been in the habit of using certain land in connection with his adjoining premises does not create an easement upon the first-named land, which, upon a conveyance of that land without words of exception or reservation, will be annexed to such other premises.

But there are numerous exceptions to this rule, and the author refers to the case of a man having a field, which he does not sell, in the midst of land which he sells. Of course, it is implied that he intends to have the power of using the field not sold, and not to give the exclusive right or control over it to the person to whom he sells the surrounding land; and a way over that is said to be a way of necessity, and that is reserved without express words, as implied reservation.

It seems to us, under the facts of this case, that at the time Frazier sold the land to appellee, if nothing had been said on the subject of a passway, the law would have implied a reservation of the existing notorious and open passway "as a way of necessity" for the benefit of the land reserved, but it is in proof that this very question was a matter of consideration between Frazier and appellee, and that Frazier expressly agreed to surrender all rights thereunder, and that appellee refused to purchase on any other condition. · This testimony is not successfully contradicted or impeached, and it is not objectionable on the ground that it varies from the terms of the deed; but, on the contrary, it is not in conflict with the conveyance.

Mr. Jones, in his work on Easements (section 321), lays it down as a principle that "a purchaser is not entitled to a way of necessity in case he has agreed with his grantor, even verbally, not to claim a way."

And in the case of Ewert v. Burtis (N. J. Ch.)

[12 Atl., 893], it was held that: "Where a bill was filed to secure a way of necessity, it appeared that at the time of the purchase a way of necessity would have passed as an incident, except that the grantor refused to sell if the grantee was to have a right of way over his land; that the grantee declared there was no occasion for such right of way, because he could have one over a railroad company's lands to a highway; that the conveyance was made, and that the grantee had a license to pass over the railroad company's lands, which license was subsequently revoked. It was held that the court would not aid the complainant in establishing a way of necessity by issuing a preliminary injunction."

And certainly, if a purchaser could verbally waive a way of necessity by implied grant, there is much greater reason why a grantor, who seeks to retain a way of necessity by implied reservation, should lose his right of such way by verbal agreement with the purchaser. The permissive use of this passway by Frazier subsequently to his sale to appellee did not have the effect to vest in him any legal title thereto. The testimony shows that appellant has access to a public road over his lands in another direction, and certainly after the acquisition of the land the passway could not be claimed as one of necessity. But upon the whole case we are disposed to think that Frazier voluntarily surrendered his right to the passway over the land in question, and that appellant can have no higher or better right than belonged to him. For these reasons the judgment is affirmed.

JUDGE HOBSON IN RESPONSE TO A PETITION FOR A REHEARING.

It is earnestly insisted by counsel for appellant in their petition for rehearing that parol evidence is inadmissible to show that at the time of the conveyance it was agreed

between the grantor and the grantee that there was no necessity for the passway, as the grantor had another outlet to˙ another pike, and other ways to get out, and that it was then agreed that there was to be no passway over the land˙conveyed, and the deed was accepted only on this distinct understanding. Counsel insist ·that the passway, being an interest in land, can only be created or destroyed by a contract or agreement in writing, and that to admit the parol evidence referred to is to depart from those broad, fundamental principles of law that have been recognized for time immemorial. This would be true if the evidence infringed the terms of the deed, but that is· not the case. The grantor by his deed in this. case conveyed to the grantee the whole boundry of land described in the deed. This passed the entire title to all within the boundary so described, from the center of the earth *usque ad coelum*, including the ground over which the passway ran. The passway was therefore included by the terms of the deed, and *prima facie* passed under it. But, as said in the opinion, the one exception allowed by the authorities in favor of a grantor where he has conveyed the fee of land "is ways or easements of necessity." And, as is well said by the learned author there quoted, "it is only in cases of the strictest necessity, and.where it would not be reasonable· to suppose that the parties intended the contrary, that the principle of implied reservation can be invoked." (Jones on Easements, section 136.) Appellant's entire claim to the passway rests upon this doctrine of implied reservation. Whether this is a case of strictest necessity, where it would not be reasonable to suppose that the parties intended the contrary, the court can only know when the facts are shown by parol evidence. When these facts are shown by parol evidence, then the presumption of an im-

plied reservation arises. But it is well settled that a presumption raised by parol evidence may also be rebutted by parol evidence. The rule is thus well stated in 3 Greenleaf on Evidence, section 366:

"In certain cases of presumption of law, also, parol evidence is admitted in equity to rebut them. But here a distinction is to be observed between .those presumptions which constitute the settled legal rules of construction of instruments, or, in other words, conclusive presumptions, where the construction is in favor of the instrument, by giving to the language its plain and literal effect, and those presumptions which are raised against the instrument, imputing to the language, *prima facie*, a meaning different from its literal import. In the latter class of cases parol evidence is admissible to rebut the presumption and give full effect to the language of the instrument, but in the former class, where the law conclusively determines the construction, parol evidence is not admissible to contradict or avoid it."

In Wharton on Evidence, sections 973, 974, the same rule is fully stated and illustrated.

Though the terms of the deed *prima facie* convey the entire boundary, including the passway, parol evidence of the absolute necessity of the passway is admitted in this case to raise a presumption against the instrument, imputing to it a meaning different from its literal import. This presumption against the instrument may be rebutted by parol evidence, so as to give to its language its plain and literal effect. The proof offered by appellant to show the necessity of the passway might be rebutted by proof that it was unnecessary. It would not, perhaps, occur to counsel that parol evidence for the appellee showing that the passway was unnecessary would

be inadmissible. But there is no better proof that it was unnecessary than the agreement of the parties at the time of the conveyance that the grantor had another outlet, and did not need this one. When he agreed it was not necessary, and not to reserve it, in order to induce the grantee to accept the deed, the estoppel may be shown by the same kind of evidence as the implied right.

Petition overruled.