CASE 63—ACTION BY SALLIE T. AND ANNIE COX AGAINST J. H. MUIR, ETC., FOR AN INJUNCTION—APRIL 17.

# Muir and Others v. Cox and Others.

### APPEAL FROM SPENCER CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

EASEMENTS—PARTITION—RIGHTS · TO EXISTING PASSWAYS—IMPLIED RESERVATION OF PASSWAY BY VENDOR.

Held: Each of the several parcels of land allotted in a partition proceeding, is subject to the benefits and burdens of existing passways as between it and the other parcels, though there be

Muir and Others v. Cox and Others.

no reference to passways in the deeds of partition; and a sub-sequent purchaser of a part of one of the lots, takes it subject to an existing passway, between it and that part of the lot re-tained by the vendor.

FULTON & FULTON, AND FAIRLEIGH, STRAUS & EAGLES, AT-
TORNEYS FOR APPELLANTS.

The appellee's claim of a passway over the lands of appellants, is based on two grounds: First, by prescription; second, by ne-cessity.

The right from necessity is rather hinted at than distinctly claimed and is nowhere urged with any apparent confidence in its merit.

To the right by prescription, we make: First, a distinct tra-verse; second, conceding that any such easement was ever ap-purtenant to the eastern portion of lot No. 3, now owned by ap-pellees, they are estopped to claim or exercise such right by reason of their mother's conveyance of lot No. 2 (on which this easement would be a servitude) to W. H. Stone, the vendor of appellants, with covenant of General Warranty. We insist that in this class of cases:

*First.* The burden is always on the one claiming an easement by adverse enjoyment, not only to show the enjoyment, but that it is adverse under a claim of title, and known to the owner, and that it has been uninterrupted. Washburn on Ease-ments and Servitudes, chap. 1, sec. 4, par, 26a, p. 132.

*Second.* It can not be admitted that when the proprietor of land has a passway through it for his own use—that the mere permissive use of it by other persons for half a century would confer upon him any right to its enjoyment.

"The way of necessity." A way of necessity is over the grantor's land to the nearest highway. The nearest highway is not reached by the passway claimed in the pleadings. The law does not allow a party to locate a way of necessity. The law locates it over lands where the nearest public highway can be reached. This right of necessity never exists or arises except between grantor and grantee.

AUTHORITIES CITED.

Frost on Easements, &c., p. 132; Hall v. McLeod, 2 Met., 99; Thomas v. Bland (Man. Opin.) Dec. 9, 1890; Cousins v. Ken-nedy, 3 Litt., 121; Young v. Triplett, 3 Litt., 246; Hunt v. Or-wig, 17 B. Mon., 58; Perkins v. Coleman, 12 Ky. Law Rep.; Her-

man on Estoppel, pp. 278 and 287; Butt v. Riffe, 78 Ky., 352; Jones on Easements, secs. 303, 304 and 306.

J. W. REASON, FOR APPELLEES.
(No brief in the record.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

At the death of Thomas Stone, he owned a large boundary of land in Spencer county, Ky. In a proceeding it was partitioned in 1874. Lot No. 1 was assigned to Thomas Stone, lot No. 2 to Martha E. Stone, lot No. 3 to Annie Stone, lot No. 4 to James B. Stone, and lot No. 5 to Sarah A. Lewis. The location of the several lots mentioned is shown by the following map:

The map also shows the location of the turnpike through the tract of land. The heavy lines designate the location of passways over the land which were used by the decedent in his lifetime, and which were in use at the time the parcels were assigned to the parties named. It will be

Muir and Others v. Cox and Others.

observed that there is no outlet from lot No. 4 to the turnpike except over the passway through lots Nos. 1 and 2, and that there is no outlet from lot No. 3 to the turnpike except over the passway of lot No. 3 to the point where it intersects the passway over lots Nos. 1 and 2, thence over the passway to the turnpike. No one can believe for a moment that the commissioners who partitioned the land would have assigned the lots to the parties named unless they supposed that the passways then in use would be enjoyed as had been previously done. In 1877 Annie Stone conveyed lot No. 3 to Mrs. Lewis without making any reference to the passway. Subsequently, Mrs. Lewis, by deed of general warranty, conveyed the western part of lot No. 3 to W. H. Stone, in which deed no reference was made to the passway. Afterwards she conveyed the eastern part to Martha E. Cox, the mother of the appellees. W. H. Stone acquired title to lot No. 2 and also lot No. 1, and that part of lot No. 3 which Mrs. Lewis had conveyed to him. By proceedings in court, the interest of W. H. Stone in the lots metioned was sold, when the appellant became the purchaser. He now denies the right of the appellees to use the passways designated on the plat running through lot No. 3 to the turnpike. From the time the land was partitioned until the appellant became the purchaser of the lots designated, the passways have been used by the persons owning the lands, an outlet to which is afforded by the passways. The appellees claim that, if they do not have the right to use the passways otherwise, they have acquired the right to do so by prescription. From our view of the law, it is unnecessary to discuss that feature of the case. If the defendant, James Stone, had conveyed to James B. Stone lot No. 4, Martha E. Stone lot No. 2, and Annie Stone lot No. 3, the grant of the use of

the passway would have been implied, although no men-
tion had been made of it in the deed. The use and neces-
sity of the passway would have been apparent. When
the deeds of partition were made, although no reference
to the passway was made therein, still the grant to the
use of the passways was implied. Of course, no easement
would have existed so long as the decedent owned the land,
as there was a unity of ownership, and he might have at
any time rearranged the several parts of his farm and
discontinued the use of the passways; but, when there
was a severance by the partition proceeding, the easements
were created corresponding to the benefits and burdens
mutually existing at the time of the partition. Washb.
Easem. p. 81, says: "It may be considered as settled in
the United States that, on the conveyance of one of several
parcels of land belonging to the same owner, there is an
implied grant or reservation, as the case may be, of all
apparent and continuous easements or incidents of prop-
erty which have been created or used by him during the
unity of possession, though they could then have had no
legal existence apart from his general ownership." This
court has quoted with approval Lampman v. Milks, 21 N.
Y., 505, wherein it is said: "The rule of the common law
on this subject is well settled. The principle is that where
the owner of two tenements sells one of them, or the
owner of an entire estate sells a portion, the purchaser
takes the tenement, or portion sold, with all the benefits
and burdens which appear at the time of the sale to be-
long to it, as between it and the property which the ven-
dor retains. This is one of the recognized modes by which
an easement or servitude is created. No easement exists
so long as there is a unity of ownership, because the own-

Muir and Others v. Cox and Others.

er of the whole may at any time rearrange the qualities of the several parts. But the moment a severance occurs, by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases, and easements or servitudes are created, corresponding to the benefits and burdens mutually existing at the time of the sale. This is not a rule for the benefit of purchasers only, but is entirely reciprocal. Hence, if, instead of a benefit conferred, a burden has been imposed, upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with the servitude upon it. The parties are presumed to contract with reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts." The passway in this case was visible and in use at the time W. H. Stone purchased from Mrs. Lewis the western part of lot No. 3. At the sale at which appellant purchased the land he was notified that the right to use the passway was claimed by appelles. The rule announced by the authorities quoted is reciprocal. Where a burden has been imposed upon the portion sold, the purchaser takes it with the servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale. When W. H. Stone purchased the western half of lot No. 3, he took it with the passway upon it, with the right in Mrs. Lewis to enjoy it in connection with the part of lot No. 3 which she at that time retained, and subsequently sold to the mother of the appellees. In our opinion the court below properly decided that the appellees were entitled to the use of the passways. The conclusion

which we have reached is supported by Irvine v. McCreary (Ky.) 56 S. W., 966, (22 Ky. L. R., 169) and Lebus v. Boston (Ky.), 51 S. W., 609, (21 Ky. L. R., 411). The judgment is affirmed.

Petition for rehearing by appellant overruled.