## Skaggs v. Carr.

(Decided January 29, 1918).

### Appeal from Greenup Circuit Court.

1. Easements—Passway—Implied Grant—Obstructions.—By the sale and conveyance of a part of a tract of land, connected with the county road only by a passway over the unsold part of the land, there was an implied grant of right to use such passway, appurtenant to the land conveyed; and the owner of the dominant estate may enjoin the owner of the servient estate from obstructing such passway.

2. Easements—Passway—Inconsistent Uses.—The erection by the owner of the servient estate of bars or a gate across such passway upon the boundary line between the two estates, is not inconsistent with the rights of both parties under the easement.

3. Easements—Passway—Termination.—The owner of the servient estate cannot defeat such easement by the cultivation of the passway for one year, or by immaterial changes in its location, or by its adverse possession for less than the statutory period.

FLANERY & HARRIS for appellant.

J. B. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee, Carr, owns and lives upon a farm of fifty-three acres, which is cut off from a public road by a small strip, about 175 yards wide, of land owned by appellant over which Carr traveled in going to and from his farm to the county road until recently, when Skaggs built a fence across the passway. Claiming the right to use the passway over Skaggs' land both by prescription and as an appurtenance to his land, Carr instituted this action for a mandatory injunction requiring Skaggs to remove the fence and leave unobstructed the passway which, upon trial, was granted by the chancellor; and Skaggs appeals.

With the testimony submitted is the following stipulation:

"To avoid the trouble and expense of taking the proof showing the facts herein agreed upon, it is therefore agreed between the parties hereto; that the tract of land belonging to the plaintiff and the tract belonging to the defendant were once parts of the same common boundary of land and belonged to the same owner, who,

at a date sold the Skaggs tract to Skaggs' remote vendor, and afterwards the same common vendor of the same common boundary sold the Carr tract to Carr's remote vendor. And at the time of the sale of the Skaggs tract there was a haulway leading up from the county road to and upon the remainder of the original tract of land. And at the time of the sale of the Carr tract to Carr's remote vendor and also immediate vendor the same haulway existed over the Skaggs boundary which was then laying out to the commons unfenced. And that there was no reservation made in any of the deeds from any of Skaggs' vendors, either immediate or remote, appertaining to said haulway in any of the deeds in the chain of title held by Carr. It is agreed by the parties on the trial of this case that the above stipulation of facts may be read and considered as part of the proof of this action.''

The evidence shows further most conclusively that there is not now and never has been any other passway leading to or from Carr's land to a public road, except foot or bridle paths now and for some time closed; and that this passway is now and has been, for at least forty years, plainly visible in nearly, if not exactly, the same place upon the land, which period covers the time when the common boundary mentioned in the stipulation was divided and sold as well as the times when both appellant and appellee acquired their respective portions of same.

Under these facts, by a long established rule of the common law frequently approved by this court, the passway over appellant's land is an implied easement appurtenant to the lands of appellee. See Muir v. Cox, 110 Ky. 564; Mitchell v. Pratt, 177 Ky. 438; Henry v. Koch, 80 Ky. 391; Lebus v. Boston, 107 Ky. 98; Irvin v. McReary, 108 Ky. 495; O'Daniel v. Baxter, 112 Ky. 331; Stone v. Burkhead, 160 Ky. 47; Thomas v. Bertram, 4 Bush 317.

Nor does the fact that some years ago, when appellant desired to fence his land, appellee, at his request, placed bars and later a gate across the passway in the line fence affect the easement, as this was entirely consistent with and permitted the exercise by both parties of their respective rights in the land. Maxwell v. McAtee, 9 B. Mon. 20; Bland v. Smith, 66 S. W. 181; Gibson v. Porter, 15 S. W. 871.

And even if, as claimed by appellant and supported by some evidence, a few years ago the passway was ploughed and cultivated by appellant one year in oats, although this seems improbable from all the evidence, or if immaterial changes may have been made in its location by appellant to suit his convenience, neither of these facts would defeat appellee's right to the passway, it being appurtenant to his land by implied grant, which could have been accomplished by adverse possession only for the statutory period. Clay v. Kennedy, 72 S. W. 815; Potts v. Clark, 62 S. W. 884; Curran v. City of Louisville, 83 Ky. 628; Hook v. Joyce, 94 Ky. 450; Johnson v. Clark, 22 R. 419; Boyd v. Morris, 32 R. 642.

Appellee having established his right to the passway as an appurtenance to his land, it is not necessary to consider his claim by prescription, nor to discuss the authorities cited by appellant's counsel which refer only to that question.

Judgment affirmed.