## Powers v. Ward, et al.

(Decided October 16, 1923.)

### Appeal from Boyd Circuit Court.

1. Easements—Sale of One of Two Tracts With Apparent Easement Passes Easement by Implication.—Where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous or apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easements, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication.

2. Easements—Relief Given on Obstruction of Easement.—Where defendant's residence has already been constructed over a passway and its removal would entail great expense, the ends of justice may be fully met by requiring defendant, at his election, either to provide plaintiff another passway equally as safe and convenient as the passway in question, and to pay damages for the obstruction up to the present time, or to pay damages for the permanent obstruction of the passway.

S. S. WILLIS and B. S. WILSON for appellant.

R. S. DINKLE and GEORGE B. MARTIN for appellees.

Opinion of the Court by Judge Clay—Reversing.

Maud Powers brought this suit against George and Oliver Ward to enjoin the obstruction of a passway and to recover damages for its obstruction. Being denied the relief prayed for, she appeals.

J. B. Eifort was the owner of a large tract of land which fronted on the old county road between Ashland and Catlettsburg. Afterwards the corporate limits of Ashland were extended in an easterly direction, and the road became what is now known as Winchester Avenue. In the years 1908 and 1910 Miss Powers purchased from Eifort four lots fronting on Winchester avenue. In the year 1911 she purchased another lot adjoining the four lots on the rear. At the time she purchased the rear lot, known as lot No. 5, there was a roadway leading therefrom and across the remainder of Eifort's land to Winchester avenue. In the year 1915 Oliver Ward purchased from Eifort a lot fronting on Winchester avenue and adjoining the property of Miss Powers. The roadway in question ran over this lot, and soon after its purchase, Ward obstructed the passway by erecting a dwelling house thereon. Miss Powers' lots lying on Winchester avenue are very high, and the approach therefrom to Winchester avenue is not only very steep, but there is a retaining wall along the property that was erected by the street car company.

While there was some evidence of changes in the roadway from time to time to make the travel thereon more convenient, the evidence leaves no doubt that the roadway was well defined, and that the line of travel remained substantially the same. The roadway appears to have been used by Eifort and those having business with him, and perhaps occasionally by members of the public for a great many years, but the use by the public fell far short of what was necessary to show a prescriptive right to the passway. Miss Powers herself did not show title by prescription, as her use of the passway did not continue as long as fifteen years. Not only so, but as lot No. 5 was not wholly surrounded by the other lands of Eifort, or by his land and the land of others, it may be doubted if a way of necessity arose. But these are not the only ways in which the title to an easement may arise. The authorities are agreed, and such is the rule in this state, that where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part

thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication. 19 C. J. 914; Godman v. Jones, 180 Ky. 217, 200 S. W. 662; Skaggs v. Carr, 178 Ky. 849, 200 S. W. 27; Stone v. Burkhead, 160 Ky. 47, 169 S. W. 489. Here the easement in question was used by the grantor for the benefit of the entire property. It was not only apparent and continuous, but appurtenant to lot No. 5. Though it be true that a right of way from lot No. 5 might be cut through one of Miss Powers' lots facing on Winchester avenue, the contour of the land, the precipitous decline to Winchester avenue, and the necessity for a retaining wall make it impracticable to do that without incurring an expense far in excess of the original cost of lot No. 5. In view of these conditions, we think the roadway in question was reasonably necessary for the enjoyment of lot No. 5, and that there was an implied grant of the use thereof in the conveyance by Eifort of lot No. 5.

In view of the fact that Ward's residence has already been constructed over the passway, and its removal would entail great expenses, we think the ends of justice may be fully met by requiring Ward, at his election, either to provide Miss Powers another passway equally safe and convenient as the passway in question, and to pay her damages for the obstruction of the latter up to the present time, or to pay her damages for the permanent obstruction of the passway in question. To this end the parties may take such additional evidence as they may desire.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.