## Hedges v. Stucker.

(Decided February 10, 1931.)

R. F. MATTHEWS and GEO. L. PICKETT for appellant.

TODD & BEARD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This appeal involves the right of appellant to use a passway, 10¾ rods long on the east line of his land, and on the west line of an adjoining portion of the land of appellee. Both appellant and appellee acquired title to their respective lands by deed from Ben Smith and wife. The deed of appellant is undated. It was recorded in the county clerk's office in the county in which the land is situated, February 26, 1920. Appellee's deed bears date March 1, 1920. It was recorded March 3, 1923. At the time they acquired title, and for years prior thereto, the passway in controversy existed, and was used by Smith and those having business with him, and occasionally by those occupying the Thornton land, an adjoining

tract, for a great many years. The use by the public falls far short of what is necessary to show a prescriptive right to the passway in appellant, and neither of their deeds makes any reference to the passway or its use, but there is another way by which the right to use a passway may be acquired.

"The authorities are agreed, and such is the rule in this state, that where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication." Powers v. Ward et al., 200 Ky. 478, 255 S. W. 105, 106, 34 A. L. R. 230; Rogers v. Flick, 144 Ky. 844, 139 S. W. 1098; Godman v. Jones, 180 Ky. 217, 202 S. W. 662; Skaggs v. Carr, 178 Ky. 849, 200 S. W. 27; Stone v. Burkhead, 160 Ky. 47, 169 S. W. 489; Gentry v. Piercy, 175 Ky. 174, 193 S. W. 1017.

The passway leaves the highway and leads from it by the side of appellant's field, a distance of ten rods. It is an old worndown passway. In several places it has been cut down by use, some seven or eight feet. After appellant and appellee became the owners of their respective lands, the appellant erected a fence on his line on the east side of the passway, leaving it unobstructed. At a point on top of the hill, leading north, a fence was placed on Stucker's side of the passway. At the top of the hill a gate was erected for the convenience of those using it. The field of appellant, which was reached by this passway, lies east of the passway, and fronting the state pike. On one side of this field is a ravine and on the other a steep hill. The passway in question was used by appellants and appellee's grantor, Smith, for the benefit of his entire property, including the field now owned by appellant. At the time appellant accepted the deed to his land, the worndown condition of the passway was visible, and its existence, if not its use, was known to appellee. From the time appellant and appellee acquired title to their respective lands until a short time before the institution of this action, the appellant used and enjoyed this passway as a way of

ingress and egress to his field, when a disagreement arose between them, and the appellee forbid him using it.

The passway was reasonably necessary for the enjoyment of appellant's field, and there was an implied grant of the use thereof in the conveyance by Smith and wife to appellant. Lebus v. Boston, etc., 107 Ky. 98, 51 S. W. 609, 52 S. W. 956, 21 Ky. Law Rep. 411, 706, 47 L. R. A. 79, 92 Am. St. Rep. 333; Powers v. Ward et al., 200 Ky. 478, 255 S. W. 105, 34 A. L. R. 230. The appellee having accepted his deed with knowledge of its existence, it is to be presumed that he purchased his land subject to the servitude upon it. Muir, etc., v. Cox, etc., 110 Ky. 560, 62 S. W. 723, 23 Ky. Law Rep. 6; McCarty v. Blanton, 219 Ky. 450, 293 S. W. 958, and cases cited. It is true that a roadway might be constructed on appellant's land from his field to the state highway, but this does not deprive him of his right to the present passway. Powers v. Ward, supra.

Wherefore the judgment is reversed for proceedings consistent with this opinion.