RENDERED: MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0701-MR

JOHN SAWYER AND DEBBIE
SAWYER                                                                  APPELLANTS

v.          APPEAL FROM METCALFE CIRCUIT COURT
            HONORABLE JOHN T. ALEXANDER, JUDGE
            ACTION NO. 17-CI-00069

DARYL JOHNSON AND VALERIE
JOHNSON                                                                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE: The Metcalfe Circuit Court determined by summary judgment

the Appellants John Sawyer and Debbie Sawyer (the "Sawyers") do not have an

easement for use of a road originating on the property of the Appellees Daryl and

Valerie Johnson (the "Johnsons"). Specifically, the circuit court ruled the Sawyers

do not have an easement by implication or by necessity for use of this road.

Finding the circuit court correctly applied the law to the undisputed material facts in this case, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The road in question is now called the William K. Smith Road. It was formerly called the Reed Turner Road, named after the prior owner of both the Sawyer and Johnson properties. It is a one-lane road beginning at an intersection with Cedar Flat-Curtis Road. The road goes across the Johnsons' property which borders Cedar Flat-Curtis Road. The road then extends through the property of another person ("Blythe") and finally to the Sawyers' property beyond. The road changes from a "chip seal" to a gravel surface once it crosses the line between the Blythe and Johnson properties.

Before proceeding further, we note this is not a county road or a public road, although it may have received maintenance by Metcalfe County sporadically. We will just refer to it as a road. In prior litigation,[1] the Metcalfe Circuit Court determined the non-public aspect of this road. Both the Sawyers and Johnsons participated in that litigation.[2] No appeal was filed. As to the issue of

---

[1] Metcalfe Circuit Court, Case No. 15-CI-00050.

[2] Blythe, the property owner between the Sawyers and the Johnsons, was not a party to the prior civil action or this action. Regardless of any argument about Blythe being an indispensable party, counsel made clear to the circuit court Blythe wanted nothing to do with the dispute and would have come into the suit "kicking and screaming." Hearing on July 16, 2020, at 9:10:30-9:11:16.

whether the road is a county road or public road (as far as the current parties are concerned),[3] that issue was finally determined. Unsuccessful in this approach, the Sawyers field this action to claim an easement.[4]

In 1948, Reed Turner purchased land in three tracts in the Cedar Flat community totaling 215 acres. As evidenced in the 1948 deed, the bounded tracts were designated Tract One, Tract Two, and Tract Three. In 1956, Turner purchased an additional six-acre tract known as Tract Four.

The Sawyers and Johnsons now own separated portions of the original Reed Turner farm. In 1981, the Johnsons purchased Tract Three from Reed Turner. In 1997, the Sawyers purchased the remaining tracts, consisting of approximately 104 acres. The Sawyers concede their property is not contiguous with or adjacent to the Johnsons' property. Again, the road between the Johnsons and the Sawyers properties runs through Blythe's property.

Blythe purchased his property in 1976 from the Estate of Sherman Smith. Sherman Smith had purchased the property from J.S. and Lillie Mae

---

[3] Remarkably, Metcalfe County was not a party to the action seeking to determine whether the road was a county road.

[4] The existence of two suits between the same parties may also suggest an issue with the prohibition of splitting causes of action. Suffice it to say, this was addressed by the parties with the circuit court. The circuit court permitted the claims in the second action, in part recognizing both sides had effectively allowed the first suit to be limited to a determination of the status of the road as a county or public road. Any issue regarding the impact of the prior litigation on the easement claims addressed herein was not appealed and is not before us.

Hammer in 1932. The Hammers purchased the property from W.E. Walker in 1924. It is undisputed that Blythe's property was never owned by Reed Turner, including during the lifetime of this road. Thus, the Blythe property separated the Reed Turner tracts from the time Reed Turner originally bought the multiple tracts.

The Sawyers filed this suit after the Johnsons locked a gate and erected a cable, preventing the Sawyers' use of the road. The Sawyers claimed an easement through several theories. The circuit court granted summary judgment to the Johnsons as to the Sawyers' claims for an express easement and prescriptive easement, leaving additional time to develop the record as to other easement claims. By a later order, the trial court granted summary judgment to the Johnsons as to the Sawyers' remaining claims for an easement by implication and easement by necessity.

The Sawyers first filed a notice of appeal regarding the summary judgment granted to the Johnsons as to the Sawyers' claims for an easement by implication and easement by necessity. The Sawyers then filed an amended notice of appeal, stating they were also appealing the trial court's prior order dismissing their claims for express easement and prescriptive easement. The Sawyers' prescriptive easement claim was not included in their prehearing statement. Under the Kentucky Rules of Appellate Procedure ("RAP"), the appellant is limited to the

issues raised in the prehearing statement. RAP 22(C)(2) (formerly Kentucky Rule of Civil Procedure 76.03(8)).

The Sawyers addressed only the easement by implication and easement by necessity claims in their brief. Appellate courts will generally decline to reach issues an appellant previously preserved but failed to brief on appeal. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815 (Ky. 2004). Since the prescriptive easement and express easement claims were not briefed, we will only consider the Sawyers' easement by implication and easement by necessity claims.

## ANALYSIS

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Summary judgment is only proper when "it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). In ruling on a motion for summary judgment, the Court is required to construe the record "in a light most favorable to the party opposing the motion . . . and all doubts are to be resolved in his favor." *Id.* A party opposing a summary judgment motion cannot rely on the hope that the trier of fact will disbelieve the movant's

denial of a disputed fact but must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Id.* at 481. In *Steelvest* the word "'impossible' is used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992).

As summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001). From our review of this record, the controlling question is a legal one based on certain governing and immutable facts. The circuit court had, and this Court has, the benefit of a great deal of evidence, including the entire record of a prior bench trial about the public nature of the road.

"Easements are not favored and the party claiming the right to an easement bears the burden of establishing all the requirements for recognizing the easement." *Carroll v. Meredith*, 59 S.W.3d 484, 489-90 (Ky. App. 2001). An easement is generally created by express written grant, implication, prescription, or estoppel. *Id*. at 489.

An easement by implication is a merger of two legal doctrines: a quasi-easement and an easement by necessity. *Jones v. Sparks*, 297 S.W.3d 73, 77 (Ky. App. 2009). To some extent then, the Sawyers' claims overlap. A quasi-easement is "where the owner of <u>an entire tract of land or of two or more adjoining</u>

-6-

parcels employs one part so that another derives from it a benefit of continuous, permanent and apparent nature, and reasonably necessary to the enjoyment of the quasi-dominant portion, then upon a severance of the ownership a grant or reservation of the right to continue such use arises by implication of law." *Kreamer v. Harmon*, 336 S.W.2d 561, 563 (Ky. 1960) (emphasis added). The party seeking an implied easement has the burden of proving the existence of said easement by clear and convincing evidence. *Carroll*, 59 S.W.3d at 491-92.

To prove a quasi-easement, the party must show: (1) that there was a separation of title from common ownership; (2) that before the separation occurred the use which gave rise to the easement was so long continued, obvious, and manifest that it must have been intended to be permanent; and (3) that the use of the claimed easement was highly convenient and beneficial to the land conveyed. *Id.* at 490.

Factors to consider when establishing a quasi-easement include: "(1) whether the claimant is the grantor or the grantee of the dominant tract; (2) the extent of necessity of the easement to the claimant; (3) whether reciprocal benefits accrue to both the grantor and grantee; (4) the manner in which the land was used prior to conveyance; and (5) whether the prior use was or might have been known to the parties to the present litigation." *Bob's Ready to Wear, Inc. v. Weaver*, 569 S.W.2d 715, 719 (Ky. App. 1978).

With respect to the location of the road, the Sawyers' property, and the Johnsons' property, although once both owned by Reed Turner, were always separate tracts of land and never adjoined each other. The Blythe property was never owned by Reed Turner and completely separates the Sawyers' property and the Johnsons' property. The Sawyers cannot prove separation of title from common ownership so their claim for a quasi-easement must fail.

The Sawyers argue the language in the cases dealing with easements by implication requiring division from a single tract or adjoining tracts is "prefatory." One of the cases cited by the Sawyers helps to illustrate the contrary. In *Powers v. Ward*, 255 S.W. 105 (Ky. 1923), Powers purchased four lots along a public road (Winchester Avenue) from a single seller. *Id.* at 105. She later purchased another lot from the same seller. *Id.* This fifth lot was behind her other lots. *Id.* The same seller later sold another lot to Ward. *Id.*

There was an existing roadway from Winchester Avenue across part of Ward's lot and then to Powers' fifth lot. *Id.* Using the same language later used in *Carroll*, *supra*, a quasi-easement by implication can only result when the properties involved were part of one larger tract or adjoining tracts when the road was developed and used. *Id.* at 106. The Sawyers cannot establish an easement by implication in the circumstances.

-8-

The Sawyers also allege an easement by necessity. In contrast to a quasi-easement, which derives from the implied intent of the parties involved, an easement by necessity is based on public policy favoring beneficial use of property. *Carroll*, 59 S.W.3d at 490-91. Unlike a quasi-easement, where evidence of prior use is required, an easement by necessity exists in favor of the dominant estate, whether it is used or not, so long as the easement is necessary to access the dominant estate. *Id.* at 491.

The three prongs of whether an easement by necessity exists are (1) unity of ownership of the dominant and servient estates; (2) severance of the unity of title by a conveyance of one of the tracts; and (3) necessity of the use of the servient estate at the time of the division and ownership to provide access to the dominant estate. *Id.* The primary factor for the existence of an easement by necessity is the necessity of access. *Id.*

The Sawyers' argument then is the necessity exists requiring the use of that part of the road on the Johnsons' property to the boundary of the Blythe property. How the Sawyers deal with Blythe at that point is not the Johnsons' concern. This argument might have merit in that at least one older case suggests necessity can involve the properties of others. *See Godman v. Jones*, 202 S.W. 662, 667 (Ky. 1918).

The Sawyers' contention there is no requirement for properties to be adjoining may have more merit in the context of an easement by necessity, but the cases relied upon again do not support the argument. First, the Sawyers cite *Witt v. Jefferson*, 18 S.W. 229 (Ky. 1892). This case involved an <u>express</u> easement, not an implied one. Even so, the case recognized an appurtenant easement (one "running with the land" and not just a personal right) may exist although the properties do not adjoin. *Id*. at 229. Similarly, an easement by prescription for water access has been recognized for the benefit of properties that do not adjoin. *Thomas v. Brooks*, 221 S.W. 542 (Ky. 1920).

There is authority from other jurisdictions which clearly holds that contiguity of parcels is essential to a claim for an easement by necessity. In *Burlison v. United States*, 533 F.3d 419, 427 (6th Cir. 2008), the Sixth Circuit for the United States Court of Appeals, applying Tennessee law, recognized unity of title between the dominant and servient estate can only be established if the estates are contiguous ("there can be no easement by necessity over the land of strangers"). *See also JRN Holdings, LLC v. Dearborn Meadows Land Owners Association, Inc.*, 493 P.3d 340, 354 (Mont. 2021) (ruling claimants could not establish an easement by necessity as proposed easement would have to cross state-owned land not held in common ownership at the time of severance).

But even if we accept the contention to permit the possibility of an easement of necessity despite the break in the road over the Blythe property, the Sawyers cannot establish the required level of necessity. While a quasi-easement also includes an assessment of necessity, there is a greater degree of necessity required to create an easement by necessity. *Carroll*, 59 S.W.3d at 491. Whereas a quasi-easement only requires "reasonable necessity," an easement by necessity requires "strict" necessity. *Id.* An easement by necessity will not be implied if the party seeking the easement has another means of access from his land, however inconvenient. *Id.* One asserting an easement must "establish by clear and convincing evidence that there was no other access way other than the disputed passageway. *Gosney v. Glenn*, 163 S.W.3d 894, 901 (Ky. App. 2005).

There is testimony from the Sawyers there is access to their property from West Curtis Road across the South Fork of the Little Barren River. Mr. Sawyer testified he has a right of way given by Blythe across this opposite side of Blythe's property from the Johnsons. Sawyer describes the access as a "tractor path." Photos of this path show the access which requires crossing the South Fork of the Little Barren River. While the Sawyers insist this path can only by traveled by a tractor, the Johnsons provided video evidence of the ability of a truck to traverse the tractor path and cross the usually shallow riverbed to get to the Sawyer property.

Even if the alternate route is only traversable by tractor, its existence will defeat claims that there is no other access. *Id.* at 901. While this alternate route is arguably inconvenient and could be considered a reasonable necessity under a quasi-easement, the access from West Curtis Road to the Sawyers' property prevents the "strict" necessity required to demonstrate an easement by necessity. In the circumstances presented in this record, the circuit court correctly determined the Sawyers could not establish a quasi-easement or an easement by necessity.

## CONCLUSION

The Metcalfe Circuit Court's orders granting summary judgment to the Johnsons are AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Donald L. Wilkerson III
David M. Cross
Albany, Kentucky

BRIEF FOR APPELLEES:

Aaron D. Smith
J.A. Sowell
Bowling Green, Kentucky