MARYE DABNEY v. THOMAS E. CHILD.

[48 South. 897.]

1. EASEMENTS.  *Ways.*  *Necessity.*

> Where a complainant has a way of necessity over defendant's land,
> he is not entitled to a different way, although the way he uses is
> at defendant's sufferance.

2. SAME.  *Reservations and Exceptions.*

> Implied reservations, as against the express terms of a deed, are
> not favored by the courts, and are to be limited to ways of neces-
> sity, although the land was practically given by the grantor to
> the grantee.

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor.

Dabney, appellant, was complainant in the court below.
Child, appellee, was defendant there. From a decree in de-
fendant's favor the comlainant appealed to the supreme court.
The facts are sufficiently stated in the opinion of the court.

*Moncure Dabney,* for appellant.

The authorities are abundant and uniform that where a vendor
shuts himself off from ingress and egress to one part of his land
by conveying another part, a way is reserved by operation of
law.  *Pleas v. Thomas,* 75 Miss. 500, 22 South. 820; Washburn
on Easements (4th ed.) 258, 2 Ballard's Law of Real Property,
sec. 174; 23 Am. & Eng. Ency. of Law, 13, 14, 15.

The constitutional and statutory provisions for acquiring
rights of way for private purposes are manifestly to cover cases
where no such rights exist, and where they must be purchased.
In cases where the right is by law reserved by implication, it ex-
ists already and the courts merely declare it.  23 Am. & Eng.
Ency. of Law (2d ed.) 15, note 4.

It is no answer to say that at this time complainant is passing

over other land of appellee to the public road.   He does so by
sufferance merely and there is no guarantee that he will be al-
lowed to continue to do so.

*McLaurin, Armistead & Brien,* for appellee.

This case presents the question of whether a right of way to
the grantor can arise by implication where none is reserved in
the deed.

The truth is that complainant is using a right of way now over
another portion of appellee's land which serves every purpose.

This case is controlled absolutely by Sec. 110 of the Con-
stitution of the state of Mississippi, which provides that the
legislature shall provide by general law for condemning rights
of way for private road "where necessary for ingress and egress
by the party applying."   The legislature in pursuance of that
section passed Sec. 3901 of the Code of 1892, which is brought
forward in the Code of 1906 as Section 4411, both sections being
identical, whereby is provided a statutory way for the laying out
of a private road through the land of another "when necessary
for ingress and egress," and further provided that the jurisdic-
tion of the question was submitted to the board of supervisors of
the county; that it should be presented by petition, and the board
should determine the "reasonableness of the application;" and
further that if the petition was granted the same proceeding
should be had thereon as in the case of a public road.

The case of *Pleas v. Thomas,* 75 Miss. 495, 22 South. 820, has
no application to the case at bar.

The case at bar is controlled by the case of *Bonelli v. Blake-
more,* 66 Miss. 136, 5 South. 288.

MAYES, J., delivered the opinion of the court.

The complainant in this case executed to Child a warranty
deed to one acre of land in section 6, township 15, range e.,
in Warren county, and the deed contains no reservation of any
easement whatever.   The object of this suit is to have the court

declare that when this conveyance was made there was an implied reservation in the deed that complainant should have a right of way to his own premises over the land conveyed, on the idea that it is a way of necessity.

The complainant has not brought himself within that rule of law which would warrant the court in declaring that there was any way of necessity reserved by implication in the deed, since the bill itself shows that the way sought to be established is no more than a way of convenience, and in no sense one of necessity, since Child has already given him another way by which he has free access to and from his premises. One of the charges in the bill is that complainant is allowed "to pass to and from his land over land belonging to Child north of the one acre, but that this is by sufferance of said Child, and which, it avers, the complainant has no right to, but enjoys merely at defendant's will, and alleges that he has a right of way over the strip, which Child denies, and refuses to allow him to cross for this purpose, and that he seeks herein to have this court decree him this right." It is thus seen that the complainant already has a way of necessity open to him, over which he may go to the very land in question, and there can exist no right to claim another and different way as a way of necessity, even though the route now used may be at the sufferance of Child. If the appellant desires a private and permanent right of way, Code 1906, § 4411, provides an adequate remedy whereby he may have a private way laid out.

In 11 Cyc. p. 1171, a clear statement of the law in regard to implied reservations in deeds is made, supported by a great many authorities, and we quote that statement with approval. It is there said: "If the grantor intends to reserve any right over the tenement granted, it is his duty to reserve it expressly in the grant. To say that a grantor reserves to himself in entirety that which may be beneficial to him, but which may be most injurious to his grantee, is quite contrary to the principle upon which an implied grant depends, which is that a grantor shall not derogate from or render less effectual his grant, or render that which he

has granted less beneficial to his grantee. Accordingly, where there is a grant of land, with full covenants of warranty, without express reservation of easements, the best-considered cases hold that there can be no reservation by implication, unless the easement is strictly one of necessity; for the operation of a plain grant, not pretended to be otherwise than in conformity with the contract between the parties, ought not to be limited and cut down by the fiction of an implied reservation."

We do not think that the case of *Pleas v. Thomas,* 75 Miss. 495, 22 South. 820, is at all in point under the facts of this case. In the case just referred to the way claimed was one of necessity, well marked out, and had been in use for a considerable space of time. Not so here. The way is not one of necessity, and it is not shown that it was ever in use as a right of way. The court said in *Pleas v. Thomas*: "The principles of law governing the case are not doubtful, but their application to peculiar facts is difficult and delicate." We repeat the same here; but we do not think that appellant has shown any such facts as would authorize us to declare that there is an implied reservation of a way of necessity in the deed of conveyance, when no necessity exists. Implied reservations, as against the express covenants of a deed, are not favored by the courts, and are to be limited to ways of strict necessity. The fact that the land was practically given to Child by Dabney in no way alters the principle.

*Affirmed.*