## McGurn v. Louisville & Nashville Railroad Company.

(Decided November 23, 1917.)

### Appeal from Kenton Circuit Court.

1. Easements—Reservations—Exceptions — Ways — Implied Reservations.—Where a grantor conveys all of her right, title and interest in and to a particular tract of land, there is no implied reservation of an existing roadway leading from the remainder of her land over the land conveyed, the doctrine of implied reservation being restricted to cases of the strictest necessity.

2. Easements—Ways—Obstructions—Damages.—Where there is no express or implied reservation of an existing roadway, the grantee

is not liable in damages for its obstruction, particularly where it has afforded the grantor another outlet, although this outlet may be longer and attended with certain dangers resulting from the topography of the land.

JOHN E. SHEPHERD for appellant.

. BENJAMIN D. WARFIELD and S. D. ROUSE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Rose C. McGurn, brought this suit against the Louisville & Nashville Railroad Company, to recover damages for the obstruction of a roadway. At the conclusion of the evidence, the trial court directed a verdict in favor of the defendant. Plaintiff appeals.

Prior to 1906, plaintiff was the owner of a tract of land in Kenton county, consisting of about twenty (20) acres through which the defendant's line of railway ran. During that year the defendant purchased from plaintiff all of her land lying between defendant's right of way and Licking river, and consisting of about two (2) acres. The deed conveying this tract contained the following provision:

"The said party of the first part retains the privilege of a roadway crossing the east end of the land herein conveyed, extending from the road which crosses the southeast corner of said land to the Licking river."

Thereafter plaintiff used a roadway leading from the remainder of her land across defendant's track and continuing along the roadway reserved in the deed. In the year 1912, defendant purchased from plaintiff .4 of an acre of land immediately adjoining its right of way on the southeast and consisting of a strip sixty (60) feet wide extending the full length of plaintiff's land, and paid therefor the sum of $350.00, or at the rate of about $900.00 an acre. This land was purchased for the purpose of double-tracking the railroad. Owing to landslides, it was necessary to make a difference in the grade of the two tracks. This difference in grade so interfered with plaintiff's roadway as to make it practically impassable. Thereafter the defendant constructed another roadway for plaintiff which was several hundred feet longer than the old roadway, and which it is claimed was not a safe and practicable route because of the physical condition of the land through which it passed. The deed conveying the latter tract contained no reservation of a

roadway over that tract or the tracks of the defendant. Nor did it contain any reference to the roadway reserved in the first deed.

It is insisted for plaintiff that as the second deed was silent as to the roadway reserved in the first deed, the presumption is that the original roadway was reserved intact, but if this be not true, she is at least entitled to right of way of necessity, growing out of the fact that there is no other practicable route by which she can enter her residence. The original roadway was not reserved over defendant's tracks, but only over the land conveyed in the first deed and the right of plaintiff to use this roadway has never been interfered with. It is not claimed that when the second deed was made a roadway over the tract therein conveyed and over the tracks of the defendant, was actually reserved and this provision of the contract was omitted from the deed by fraud or mistake. On the contrary, plaintiff made an absolute and unqualified sale of the second tract without reserving the roadway in question. Having thus parted with all of her right, title and interest, in the land conveyed by the second deed, the presumption that she retained the right to use the particular roadway cannot be entertained. In view of the rule that a grant is taken more strongly against the grantor and if he intends to reserve any right over the tenement granted, it is his duty to reserve it expressly in the grant, the authorities recognize a distinction between an implied grant and an implied reservation, and hold that where there is a grant of land with full covenants of warranty, and without express reservation of easement, there can be no reservation by implication, unless the easement is strictly necessary, the term "necessary" meaning that there can be no other reasonable mode of enjoying the dominant tenement without the easement. 9 R. C. L. P 765, section 28; Lebus v. Boston, 107 Ky. 98, 51 S. W. 609, 52 S. W. 956, 92 A. S. R. 333, 47 L. R. A. 79. Under this rule there would be no implied reservation of the existing roadway, but only of a way that was absolutely necessary to enable plaintiff to have an outlet from her remaining land to the public road. Even if it be admitted that a case of strict necessity is here presented, it further appears that the railroad company has actually constructed a road for plaintiff leading through her lands and across its tracks to the public road. While it may be that its travel is attended with some danger and difficulty, this is due to the natural condition

of the land itself, for which the railroad company is in no sense responsible. As a matter of fact, the roadway passes over its tracks where they are more nearly on a level than at any other point, and the roadway is as safe and practicable as the circumstances will permit. In the case of Dabney v. Child, 95 Miss. 585, 48 Sou. 897, it was held that where a grantor already had a way of necessity over his grantee's land to his own land, he was not entitled to a different way, though the route used by him was at the sufferance of the grantee. Here the land conveyed by the second deed was purchased by the railroad company for the purpose of double-tracking its line of railway. The change in the grades of its tracks was made to meet conditions brought about by landslides, thus obstructing the existing roadway. There being no express or implied reservation of the roadway, it can not be said that the railroad company is liable in damages for its obstruction, particularly where it has afforded the grantor another outlet, although this outlet may be longer and attended by certain dangers resulting from the topography of the land.

Judgment affirmed.