## Delong et al. v. Cline.

March 12, 1946.

Joe Hobson for appellants.

Edward L. Allen for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

J. H. Nunnery instituted this action against appellee, McKinley Cline, alleging ownership of a certain tract of land described in the petition, and averring that Mr. Cline was claiming an easement over the land, hostile and adverse to Mr. Nunnery's claim of ownership. The plaintiff asked that his title be quieted, and that Mr. Cline be enjoined perpetually from trespassing upon the land, and from interfering with or destroying a fence erected across the passway. A temporary injunction was granted, but no further steps were taken until the year 1943. In the meantime, Mr. Nunnery and Mr. Cline orally agreed that the latter might use another portion of the former's farm as a passway to the county road. Previous to the year 1943, appellants, James and Eva Delong, purchased the land from Mr. Nunnery, and refused to recognize Mr. Cline's right, if such he has, to pass over the property. Thereupon, appellee filed answer in the original action and with it his cross-petition against the Delongs, asserting his right to the easement and praying to be declared the owner thereof. Appellants moved the Court to strike the cross-petition from the record, upon the theory that the cause of action therein asserted did not affect, nor was it affected by, the original cause of action. The Court overruled the motion, the issue was joined, and upon submission to the Chancellor, judgment was entered in accordance with the prayer of the cross-petition.

Appellee's property does not border on the county road, but is separated therefrom by appellants' tract of land. Appellee's father originally was the owner of a boundary which included both tracts. More than thirty years before his death, he constructed the passway in question for convenience in the use and enjoyment of the entire tract. The road was in existence and in use at the time of his death. Upon his death, his heirs at law divided the property, and in the division appellee received a deed to the tract we have referred to, and his sister received the tract now owned by the Delongs. This sister sold the tract to Nunnery, who, as we have said, sold it to appellants. Mr. Cline had free and unmolested use of the passway until Mr. Nunnery purchased the property over which the passway runs.

It is first insisted that the Court erred in overruling

appellants' motion to strike the cross-petition from the record. With this contention we do not agree. Whilst it may have been better practice to have instituted a new suit, Mr. Nunnery would have been a proper party thereto, because of his general warranty of title to the Delongs. The subject matter is the same, and a decision of the issue presented by the cross-petition directly affects the cause of action asserted in the original petition. The Court properly overruled the motion to strike. Sec. 96(3), Civil Code of Practice.

Appellants next argue that, since the cross-petition did not allege that the passway had been used for more than fifteen years by the general public, it failed to state a cause of action; and that, since the evidence did not show that the passway was in use generally by the public for more than fifteen years, the evidence did not support the judgment. But appellee does not contend that this is a public passway; he merely contends that he has an easement, by reason of the creation and use of the passway for a period of more than fifteen years. The rule in this jurisdiction is stated in Hedges v. Stucker, 237 Ky. 351, 35 S. W. 2d 539, 540, and cases therein cited: " 'The authorities are agreed, and such is the rule in this state, that where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication.' "

Appellants contend that the passway in question is not necessary to the reasonable enjoyment of appellee's property; and introduced evidence showing that two other roads passing over property owned by persons who are not parties to this suit are available to appellee, and over which he may travel to reach the county road. Appellee introduced evidence to show that these roads were impassable in the wintertime, and were not sufficient in structure or width to meet his requirements at any time. However this may be, the evidence fails to show when the second and third roads were constructed, or whether appellee's use thereof is other than by mere permission. For all the record discloses, these roads may have been constructed after appellee became the owner of the tract

he now occupies, and his use thereof may be terminated at the will of the owners of the property; but, irrespective of appellee's privilege to use roads on the property of third parties, since the road in question had been used for more than thirty years before he became the owner of the tract, the easement passed, by implication, as an appurtenance to appellee's land, although the deeds dividing the property made no specific mention of the passway. That being true, appellee is the owner of the easement, as assuredly as if he had a deed thereto.

Finally, it is contended the Court erred in overruling appellants' exceptions to certain evidence. Some of the evidence excepted to was incompetent, but it added nothing to the evidence properly adduced. It is conceded that the passway in question was in use at the time of the division of the original boundary, and that it had been so used continuously for thirty years prior thereto; therefore, the issue resolved itself into whether the easement is necessary to the reasonable enjoyment of appellee's tract. The evidence to which exceptions were filed was not addressed to this issue; therefore, the Court's failure to sustain the exceptions, if erroneous, was not prejudicial.

The judgment is affirmed.