## Sievers et al. v. Flynn.

May 6, 1947.

Rehearing denied October 7, 1947.

C. C. Duncan, Special Judge.

326

Ben D. Smith for appellants.

B. J. Bethurum and C. Homer Neikirk for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

J. C. Ogden owned and occupied a tract of land in Somerset from the year 1882 until his death in the year 1940. The dwelling was and still is located on the northerly portion of the tract. There are no buildings on the southerly portion. Many years before his death Ogden installed water and toilet facilities in the house and simultaneously constructed a sewer line running from his bathroom and kitchen to a cesspool in his yard. He devised the property to his son, Ellis Ogden, who took possession upon the father's death. In the year 1943 the City of Somerset adopted an ordinance requiring all property owners to connect their sewer lines with the city system of sewers, and requiring the abandonment of all cesspools, declaring them to be public nuisances. One of the city's main sewers was laid in Columbia Street which bounds the Ogden tract on the south. Pursuant to the ordinance, Ogden abandoned his cesspool, laid a sewer through the southerly half of his property, and connected with the city main in Columbia Street. On April 24, 1944 he conveyed the property in one tract

to Walter Hines. On August 28, 1944 Hines divided the tract and sold the southerly portion to Lee Flynn. On September 4, 1944 the northerly portion of the original tract, on which the dwelling house is situate, was conveyed to appellants, R. C. and Ellen Sievers. In the latter part of the year 1945, or the early part of the year 1946 (the exact date does not appear in the record), appellee commenced the construction of a two-story brick building on his lot. In excavating he encountered and removed from his property the sewer line connecting the bathroom and kitchen of appellants' house with the city sewer in Columbia Street. Thereupon appellants instituted this action to require him to replace it. The Special Judge appointed to try the action refused the relief sought and dismissed the petition.

It is admitted that Hines' deed to Flynn does not reserve an easement and Hines' deed to the Sievers does not mention the sewer; but it is contended by appellants that the right to use and maintain the sewer line through appellee's property is an easement reserved by implication of law, and passed to appellants without any specific mention of it in the deed under which they hold. In 17 Am. Jur., p. 945, Sec. 32, it is said: "Although it is a fundamental principle that a person cannot have an easement in his own land, it has been held that the owner of an entire tract of land or of two or more adjoining parcels may employ a part of the land so as to create a seeming servitude, or a quasi easement, in favor of another portion to which the use becomes appurtenant."

This principle has been recognized in this jurisdiction in Hedges v. Stucker, 237 Ky. 351, 35 S. W. 2d 539, 540, wherein we said: " 'The authorities are agreed, and such is the rule in this state, that where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication.' "

The rule has been cited with approval in the late case

of Delong et al v. Cline, 302 Ky. 358, 194 S. W. 2d 631. Of course the reason one may not have an easement in his own land is that an easement merges with the title, and while both are under the same ownership the easement does not constitute a separate estate. But if the owner of land has subjected a portion of it to the enjoyment of another portion, a servitude may be created if and when a severance of the portions occurs. Thus, if created, the benefit of the servitude will pass by law as an appurtenance to the dominant estate, and the grantee of the servient estate will take the property with the burden imposed upon it. But such benefits will be conferred and burdens imposed if, but only if, the servitude is apparent and is necessary to the enjoyment of the dominant estate. McGurn v. Louisville & N. R. Co., 177 Ky. 835, 198 S. W. 222, and cases therein cited. "Apparent," as used in this connection, does not mean notorious visibility, but rather susceptibility of ascertainment on careful inspection by persons ordinarily conversant with the subject. 17 Am. Jur., Sec. 41, pp. 951, 952. And to be necessary to the enjoyment of the estate does not mean mere convenience to the dominant owner, nor on the other hand such servitude as without which the owner of the dominant estate can not use his property to any degree; but rather it means a servitude reasonably necessary to the use to which the owner has subjected, or lawfully may subject, the property. 17 Am. Jur., Sec. 83, pp. 985, 986; McGurn v. Louisville & N. R. Co., supra. The evidence discloses that the City of Somerset has seen fit to require users of property within its limits to dispose of their sewage through the system it has provided for that purpose. Appellants have shown without contradiction that they can not otherwise connect with this system without passing through other private property, and the right to do this had not been granted to them at the time this case was submitted. Thus the use of the sewer in question is reasonably necessary to the occupants of the house situated on the dominant estate.

But it is insisted that appellee did not know of the existence of the sewer at the time he purchased his property, and that it was not apparent to him within the meaning of the principles heretofore enunciated. The evidence shows that there is a plainly visible manhole

in Columbia Street at the connection of the private sewer line with the city main, and that the surface of the ground over the private sewer for the entire depth of appellee's lot and from his boundary through appellants' lot to the house had settled into a visible depression when appellee acquired title to his property. It may be that appellee did not recognize the manhole and the depression as visible signs of a sewer line; but certainly a person conversant with sewer lines and sewer connections could not fail to recognize them as such. Thus appellants have proved the existence of all requisites to the establishment of a servitude, and the law under the circumstances will recognize the fact that its benefit passed to the grantee of the dominant estate, and that the grantee of the servient estate acquired title to his property with the burden of the servitude imposed upon it. That being true, the Chancellor should have granted appellants the relief prayed for; and since he did not, the judgment must be, and is, reversed with directions that another be entered in conformity with this opinion.