# Ben Snyder, Inc., v. Phoenix Amusement Co.

February 25, 1949.

Richard J. Colbert and Donald P. Moloney for appellant.

Stoll, Townsend, Park, Mohney & Davis and William H. Townsend for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant, Ben Snyder, Incorporated, instituted this action under the provisions of the Declaratory Judgment Act alleging that it owns and has the exclusive right to the use of a vacant, unimproved strip of land about 5 feet wide and 52 feet long adjoining the property owned by appellee, Phoenix Amusement Company.

Appellee, by answer, denied that appellant had any right to prohibit the use of the strip for the purpose of ingress and egress to and from its building adjoining the strip of land, and pleaded affirmatively that it had "openly, peaceably, continuously and adversely, and with

plaintiff's knowledge and acquiescence, used said strip of land and exercised quiet and uninterrupted possession of said strip of land for more than fifteen years; that defendant, therefore, has a right by prescription over and upon said strip of ground as a bar to plaintiff's claim of ownership, or claim of plaintiff of the exclusive, or any, right to use said strip of land and also as a bar to the right of plaintiff to recover any relief in this action.''

The court was requested to adjudge that Snyder had the right to erect improvements on this areaway and that Phoenix had no right to use any portion of this areaway for any purpose whatsoever.

Voluminous proof was taken. The court below returned final judgment holding that Phoenix had acquired an easement by prescription over this areaway for the purpose of using it as a fire exit and that Snyder had no right to erect improvements or buildings of any kind thereon or on any part thereof.

Appellant, Ben Snyder, Incorporated, is here seeking reversal of that part of the judgment of the court below which adjudged appellee, Phoenix Amusement Company, to have acquired by prescription an easement for use as a fire exit over the areaway belonging to appellant. The grounds for reversal might be incorporated in one, namely; that the proof does not meet the test required to establish a prescriptive right to use the property involved.

Appellant's property, on which is located a department store, adjoins appellee's property, on which is located the Ben Ali Theatre. The strip of land involved herein is a concrete surface interior areaway lying between the theatre and the department store wall. It appears that there are 4 doors opening into the areaway; one located at the west end of the areaway opening into appellant's store; one located at the southwest corner of the areaway opening also into appellant's store; one located on the north wall of appellee's theatre opening into a stairway leading to the colored balcony; and the fourth located at the east end of the areaway opening into the lobby of appellee's theatre.

Counsel for appellant, in a well written brief, recognizes the well settled rules in this jurisdiction con-

cerning the acquisition of prescriptive easement rights. Recognition is made of the established rule that an easement is created when the owner of a tenement to which the right is claimed to be appurtenant, or those under whom he claims title, have openly, peaceably, continuously, and under a claim of right adverse to the owner of the soil and with his knowledge and acquiescence, used the way for as much as 15 years. Flener v. Lawrence, 187 Ky. 384, 220 S.W. 1041; and Marrs v. Ratliff, 278 Ky. 164, 128 S.W.2d 604. But, appellant insists that it is just as well established that the right of one to acquire title to an easement, which would deprive the owner of the use of his own property or burden it with a servitude, will be restricted unless it is clearly established by the facts that all the necessary requisites of adverse user have been fully satisfied. Stephens v. Hamblin, 195 Ky. 428, 242 S.W. 597; and Godman et al. v. Jones, 180 Ky. 217, 202 S.W. 662.

Appellant insists that the user in this particular case has been an occasional or sporadic passage over the areaway, and then only in cases of emergency, and that appellee has entirely failed to establish the necessary rquisites of continuity of use, or any use, of the areaway in controversy.

The cases involving easements acquired by prescription are so numerous that it is entirely unnecessary to burden this opinion with citations thereof, but keeping in mind the principles enunciated above, we must look at the proof that we might ascertain whether or not the burden has been met.

No argument exists as to the fact that appellant is the owner of the strip of land. The proof shows that this areaway has been in existence for a period of time in excess of 37 years. It shows that the contractor who built the theatre concreted this areaway in the early part of 1913. It shows that since 1920 appellee has maintained and kept in repair a storm water sewer line that runs beneath the level of the areaway; that for more than a quarter of a century appellee has equipped the areaway with electric lights; that the lights have received regular inspection by the fire authorities and employees of appellee, and that appellee has replaced the bulbs and maintained the wiring; that appellee has con-

structed and maintained a fire door opening from the stairway of the colored balcony into the areaway and equipped it with approved standard safety appliances; and that it has maintained a door leading from the end of the areaway into the lobby. The proof shows that this areaway has had frequent inspection, both from city fire inspectors and from employees of Phoenix, and that appellee has swept and kept this passway clean.

The testimony of appellant relative to all these uses made by appellee is more or less of a negative nature. Numerous witneses testified that they did not observe any one inspecting or cleaning this areaway or using it. It is admitted, however, that on one or two occasions, which were cases of emergency, the areaway was used. Appellant seems to take the position that, not having seen or known of the use of the areaway by appellee, such uses could neither be permissive nor open, notorious and adverse. On the other hand, the proof of appellee was of a positive nature establishing the facts as briefly set out above relative to the use.

Again appellant takes the position that the use, being sporadic, was not such a use as would ripen into an easement by prescription. We need only call attention to the fact that a right obtained by prescription means a right according to the nature of the use to be made of the easement. Here the right to use is only as a fire exit. It was maintained for that purpose. The areaway was kept open for that purpose. The lights were placed there for that purpose. The doors with safety equipment were maintained for that purpose. It would be absurd to say that, because there were not frequent fires requiring equally frequent use of the areaway as a means of escape, the right would be defeated, when, as a matter of fact, it was used at all times according to the nature of the use to be made of the easement. The fact to be kept in mind is that the character of use, in accordance with the nature of the use to be made of the areaway, was continuous and has never been interrupted through these years by an assertion of paramount right by appellant.

We conclude, therefore, that the court properly adjudged appellee to have a prescriptive right to use this areaway.

Wherefore, the judgment is affirmed.