Jasper H. Preece, Inez, J. B. Clark, Paintsville, for appellees.

STEWART, Justice.

## NEWBERRY et al. v. HARDIN et al.

Court of Appeals of Kentucky.

April 25, 1952.

This is the second appeal of this case. See Newberry v. Hardin, 290 Ky. 394, 161 S.W.2d 369. In the first litigation the lower court adjudged Grady Newberry "a reasonable right of way over the property claimed by plaintiff (Mary L. Hardin) along the creek bank". This judgment was affirmed on the appeal, but no court order fixed the width of the right of way. The instant action was precipitated by the refusal of Mrs. Hardin, the former plaintiff, to permit Newberry to use the passway for vehicular traffic.

In the present suit instituted by Grady Newberry, in which his wife is a party plaintiff, a roadway 12 feet wide across the land of defendants is sought. John G. Hardin was made a party hereto when his mother, Mary L. Hardin, deeded him a remainder interest in her land. Subsequently, by an amended petition, plaintiffs averred that defendants had fenced up and are claiming ownership of a strip of their

land 22 feet wide and 118 feet long, which strip they state is included in their deed. They prayed in the latter pleading that their title to the land described in their deed be quieted. Upon submission of the case, the Chancellor decreed that a reasonable right of way awarded in the former judgment for plaintiffs' use should be 4 feet wide. The amended petition was dismissed, thus denying plaintiffs the relief sought therein. Plaintiffs appeal from both rulings.

Grady Newberry and Mary L. Hardin acquired their property from a common grantor, namely, J. C. Newberry. The latter with his wife conveyed Grady Newberry's tract to him under date of August 17, 1923, and provided "second party is to have a right of way over parties of the first part along the creek bank". This instrument was promptly recorded. On January 30, 1939, the same grantors deeded to Mary L. Hardin the entire tract which had been conveyed originally to J. C. Newberry with the following exception: "There is excluded from the above conveyance that certain lot conveyed to Grady Newberry." The two contiguous parcels of ground are situated in the town of Inez and face on the south side of Coldwater Fork of Rockcastle Creek.

Is a right of way only 4 feet wide across appellees' property a reasonable passway for appellants' use and enjoyment of their property?

It is not disputed that if the width of the right of way is fixed at 4 feet appellants cannot operate an automobile to and from their property and the public highway, a distance of 86.5 feet, and they will be unable to haul such things as coal, feed and other necessities to their residence site. When Grady Newberry bought his property he acquired along with it an absolute right to a roadway without restriction as to use over the land purchased at a later date by Mary L. Hardin, and we think she and her son are in no position to now contend that the Newberrys are not entitled as a matter of law to a suitable roadway across the Hardin tract. Under the circumstances we have recited, we are of the opinion that the Chancellor committed a reversible error in restricting the right of way to a mere footpath 4 feet in width. Because the roadway must traverse for some distance a high bank alongside a sizeable stream we conclude and we now hold that a right of way of not less than 12 feet is necessary for the use of appellants in their proper and reasonable occupation and enjoyment of their property. The law applicable to the facts of this case is well stated in Gayle v. Rigg, 27 Ky.Law Rep. 618, 85 S.W. 1172, in this language: "A grant of way over one's premises will be understood to be a general way for all purposes. A right of way granted or reserved without limit of use may be used for any purpose to which the land accommodated by the way may naturally and reasonably be devoted."

After the institution of this suit, the Chancellor appointed W. R. Richmond, a civil engineer with 40 years experience, to make an official survey for the purpose of locating the boundaries of the tracts owned by Grady Newberry and appellees, in order to resolve the contention as to the disputed strip. Richmond later filed a map which conclusively shows that the 22-foot strip in controversy lies wholly within the Grady Newberry deed, and his testimony, coupled with the map, leaves no doubt in our minds but that Grady Newberry owns this parcel of land. R. M. Reed, the County Surveyor, called as a witness for appellees and the only person other than Richmond who made a survey, filed a plat and gave testimony in his second deposition that does not substantially differ from the proof adduced by Richmond. In the light of all the evidence, the Chancellor should have quieted Grady Newberry's title to the 22-foot strip.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered awarding appellant, Grady Newberry, a 12-foot right of way along the creek bank and quieting his title to the 22-foot strip in controversy.