**Mrs. Grace CAMERON, Suing Individually and as a Taxpayer, and for and on behalf of all Other Taxpayers of Kentucky, Appellant, v. L. B. BARTON, and State Highway Department of the Commonwealth of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1954.

Jesse K. Lewis, Lexington, for appellant.

G. L. Tucker, Cynthiana, Armand Angelucci, Asst. Atty. Gen., for appellees.

CLAY, Commissioner.

In this suit appellant sought to enjoin the State Highway Department from using a passway over her property for the movement of vehicles, trucks and equipment. The Chancellor dismissed the petition.

In 1931 appellant purchased a lot facing on North Street in the City of Carlisle. In 1950 the State Highway Department purchased a two acre tract behind this lot for the purpose of building a highway garage. In carrying on its operations the Highway Department used a passway over appellant's property.

A passway right, for the benefit of the Highway Department's lot, was created by a conveyance of the original owner of both pieces of property in 1876. This deed apparently was lost and it was not recorded; consequently, the precise nature of the granted easement is not known. However, all subsequent deeds in appellant's chain of title recite that the "same right of passway" originally created was reserved

for the benefit of the property owned by the Highway Department. This tract was known as the Slaughter House Lot.

In appellant's deed is the following provision: "The right of passway leading from the Slaughter House Lot to North Street is included in this conveyance."

The facts show that a slaughter house once occupied the premises owned by the Highway Department and for many years the passway over appellant's lot was used for the purpose of bringing in animals and taking out the products of the slaughter house. About 35 or 40 years ago the slaughter house burned and thereafter the property was occupied for farming purposes. The passway was thereafter used for taking in and out farm machinery and for the removal of crops.

In substance it is appellant's contention that since the terms of the original grant are not known, the use of this passway must be restricted to that for which it has heretofore been used, and the Highway Department's grantor had no right to grant it a right of way over appellant's property to move its vehicles and equipment. The principal question before us is whether the right to use this passway is a restricted or a general one.

Appellant's position perhaps would have merit if we were considering an easement by prescription, but this one was created by deed. As far as the record shows there were no restrictions imposed on the use of the passway. The history of its use shows that it changed with the changing type of occupancy of the dominant estate. Since this was permitted without objection, prior to this suit, by subsequent owners of the servient estate, we must conclude that the owners of the servient estate interpreted the original grant as being one for general passway purposes.

The following quotation from Restatement, Property Servitudes, Section 484, which is quoted in Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Barker, Ky. 1951, 247 S.W.2d 943, 946, is applicable here:

" 'In ascertaining, in the case of an easement appurtenant created by conveyance, whether additional or different uses of the servient tenement required by changes in the character of the use of the dominant tenement are permitted, the interpreter is warranted in assuming that the parties to the conveyance contemplated a normal development of the use of the dominant tenement.' "

Considering the numerous deed references in appellant's chain of title, which simply refer to the "right of passway" without fixing any limitations, and considering the permitted use of the passway for a great many years for a purpose different from that for which it was used following the original grant, we must presume that the original grant was a general one. Such is the practical interpretation of the scope of the easement. See Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Barker, Ky. 1951, 247 S.W.2d 943, just above cited. This being so, the pass may be used in such a manner as is necessary in the proper and reasonable occupation and enjoyment of the dominant estate. See Newberry v. Hardin, Ky. 1952, 248 S.W.2d 427. As the passage of time creates new needs and the uses of property change, a normal change in the manner of using a passway does not constitute a deviation from the original grant, and modern transportation uses are not restricted to the ancient modes of travel. See Hodgkins v. Bianchini, 323 Mass. 169, 80 N.E.2d 464.

Appellant argues that the Highway Department's grantor had no right to grant an easement 12 feet wide across her property, which he attempted to do in his deed. This question is not before us as the Chancellor did not undertake to define the physical limits of the passway. However, we may point out that in Newberry v. Hardin, Ky. 1952, 248 S.W.2d 427, above cited, we recognized that a 12-foot passway of this nature was a reasonable one.

Appellant finally contends that the easement in controversy was extinguished by merger when a former owner of the

dominant estate bought an adjoining lot which offered a means of ingress and egress to and from the Highway Department's property. The answer to this contention is that the doctrine of merger could not apply because the former owner of the dominant estate did not acquire the servient estate.

The Chancellor carefully analyzed all of the material issues in an excellent opinion, and we are in accord with each of the conclusions reached.

The judgment is affirmed.