Martin J. CAMPBELL et al., Appellants,

v.

WINCHESTER REALTY COMPANY, a Corporation, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 30, 1956.

---

G. D. Milliken, Jr., Bowling Green, for appellants.

Coleman, Harlin & Orendorf, Duncan & Huddleston, Bowling Green, for appellees.

CLAY, Commissioner.

Plaintiff appellants brought this suit to enjoin defendant appellees from blocking an alley-way, between defendants' buildings in which plaintiffs claim an easement. The Chancellor dismissed the complaint.

Plaintiffs own a building on Main Street in Bowling Green, at the rear of which is a large door. This door faces on a passway between defendants' two buildings leading out to Center Street. It is plaintiffs' claim that for a period of at least 40 years this passway has been used as a matter of right by both the public and occupants of the building plaintiffs own. Shortly before the suit was filed defendants blocked this passway by putting up a gate.

The passway is used by defendants in the conduct of their respective businesses, one of which is a laundry and the other a garage.

Originally plaintiffs' building had a large door in front facing on Main and a large door at the rear facing on the passway involved, and was occupied by a livery stable. Subsequently other occupants utilized the front and rear doors for the passage of vehicles in connection with the particular business therein conducted. In 1945 the front door was closed and was no longer used for the passage of vehicles through the building to the rear. The property was then owned by a person who was engaged in the poultry business, and there was testimony that the rear door was used for transportation purposes in connection with the poultry business.

Plaintiffs purchased the property in 1951, and the building has been used by them for apartment purposes, with the first floor being rented out to an "Amusement and Plumbing Company". When asked what use the plaintiffs were now making of the passway to the rear, one of them testified, "We have used it in disposing of the garbage. Mr. Miller has used it with his plumbing supplies and I have used it when I would have to repair the roof."

While there was some slight evidence that the passway had been used by the public generally, plaintiffs clearly failed to establish their right of user on this ground. Their main contention is that they acquired a prescriptive easement by reason of the long continued use appurtenant to the building they own.

■ The proof in the case was perhaps sufficient to establish that plaintiffs' predecessors in title had acquired an easement for the passage of vehicles over defendants' properties to the extent that such use was necessary in the conduct of the business carried on in plaintiffs' building. This was true as to the livery stable business and likewise with respect to the poultry business conducted by plaintiffs' immediate predecessor in title. However, an easement by prescription is limited by the purpose for which it is acquired and the use to which it is put. Ben Snyder, Inc., v. Phoenix Amusement Co., 309 Ky. 523, 218 S.W.2d 62; Lyle v. Holman, Ky., 238 S.W.2d 157.

■ The only easement shown by the proof which may have been acquired by long continued user was the right to use the passway for vehicular traffic necessary in conducting particular businesses operated on the plaintiffs' premises. The easement claimed is not for this purpose. Plaintiffs

failed to show that they had acquired a right to use this passway for their own convenience, or the convenience of their tenants, or for other general purposes. Therefore the Chancellor correctly decided this issue.

The judgment is affirmed.