**CITY OF WILLIAMSTOWN, Grant County, Kentucky, Etc., Appellants.**

v.

**Kenneth RUBY, et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1960.

L. M. Ackman, Williamstown, for appellants.

W. F. Threlkeld, Williamstown, Bradley & Bradley, Georgetown, for appellees.

STANLEY, Commissioner.

The appeal is from a judgment denying the City of Williamstown and its councilmen an injunction against Kenneth Ruby and wife from trespassing upon a fifty-foot wide area bordering the waters of the city's lake, from operating and renting motor boats for use thereon and from engaging in other business connected with the operation of a commercial fishing dock.

The decision of the case rests upon the construction of an easement conveyed by the appellees which, by assignment, passed to the city. The original instrument was executed April 5, 1954, to the Commonwealth for the use and benefit of the Department of Fish and Wildlife Resources. KRS 150.010 et seq. The Department, by a deed of assignment of date August 23, 1954, conveyed to the City of Williamstown all the rights and privileges of the easement granted by Ruby and wife and similar easements granted by a number of other persons. Under these grants the city, at a cost of $250,000, constructed dams and impounded a large body of water for municipal water resources and recreation. The original conveyances contemplated the creation of such a lake by the state department.

The city erected boat docks and bath houses and has been issuing licenses to individuals to operate boats on the lake. The city, pursuant to an ordinance, executed a contract with two persons, granting them the exclusive right to rent and hire boats and motors and to sell fishing tackle and bait. The consideration for the contract is $3,000 a year. The activities of the appellees are in competition with those parties.

In short, the easement granted the right to the state department, and later the city, to build and maintain a dam on or adjoin-

ing Ruby's land and create a pool of water thereon. It included the right of ingress and egress over the grantors' property. In consideration thereof the grantee bound itself to do certain things which are of no concern in this action. Applicable provisions of the easement are that the grantors agreed that "fishermen may at all times fish in a usual and legal manner in the pools created by the dam," and the following, which is of particular concern:

"We do further grant to the Department of Fish and Wildlife Resources and the Commonwealth of Kentucky an easement over my lands to be used by fishermen and other persons enjoying the facilities of the dam or the pool created thereby as follows:

"Commencing at the high water mark of the pool and extending for a distance of fifty (50) feet from the said·high water mark onto my property around the entire pool by the said dam."

■ The deed of assignment to the city contains the agreement of the city "to permit all persons to use the lake or pool to be created on said land for fishing in a usual and legal manner, subject only to such restrictions as said party of the second part may later by law impose thereon." Of course, the added restriction does not affect the rights of the original grantors.

The defendants have not erected any structure on the fifty-foot strip of land above described; but they are using it for the launching of their boats and the convenience of their patrons, who are served above the strip on defendants' unencumbered property. It is to be noted that the easement authorizes the use of the land by fishermen and other persons using the pool of water to be impounded. But there is no mention of the right of either the grantors or the grantee to construct or maintain commercial facilities on the fifty-foot strip abutting the lake. Nor is there anything said about the right of the grantee or its

successor, the City of Williamstown, to grant an exclusive privilege to other persons. We are, of course, concerned with that grant by the city only as it might infringe upon or impair the rights of the grantors, either expressly reserved or not conveyed.

The trial court construed the easement as containing no limitation or restriction that precludes the defendants from exercising rights not granted, and found that the activities and operations of the defendants do not trespass upon the easement or interfere with the rights granted by its terms.

The appellants' argument is basically that it has the right to exercise absolute dominion over its lake and over the strip of land bordering the water, subject only to the provision to permit fishing in it; and that provision, the city contends, permits only fishing from the bank without charge.

■ The easement did not confer upon the grantee complete or exclusive possession. It is ancient law that nothing passes under an easement but what is necessary for its reasonable use and proper enjoyment. Maxwell v. McAtee, 9 B.Mon. 20, 48 Ky. 20, 48 Am.Dec. 409; Holbrook v. Hammond, 302 Ky. 10, 192 S.W.2d 746, 748. As stated in the latter opinion, "It is not necessary that the grantor should expressly reserve any right which he may exercise consistently with a fair enjoyment of the grant. Such rights remain with him, because they are not granted. And for the same reason, the exercise of any of them cannot be complained of by the grantee, who can claim no other limitation upon the rights of the grantor, but such as are expressed in the grant, or necessarily implied in the right of reasonable enjoyment." See also Sievers v. Flynn, 305 Ky. 325, 204 S.W.2d 364.

■ The easement conveyed was for specific purposes and by implication for such other uses as are necessary and reasonably consistent with those purposes. Thomas v. Holmes, 306 Ky. 632, 208 S.W.

2d 969; Newberry v. Hardin, Ky., 248 S. W.2d 427. The easement owner and the landowner have correlative rights which are limited each by the other that there may be a due and reasonable enjoyment of both. The owner of the servient estate has the right to use the land for any purpose which does not interfere with the proper enjoyment of the easement. Central Kentucky Natural Gas Co. v. Huls, Ky., 241 S.W.2d 986, 28 A.L.R.2d 621; 17A Am.Jur., Easements, § 121. It cannot be said the use being made by the servient tenant is adverse to or obstructs either the expressed or implied purposes of the grant to the dominant tenement. As was expressly provided, the lake was to be used by fishermen.

The case of Smith v. City of Kuttawa, 222 Ky. 569, 1 S.W.2d 979, 980, contains an interesting history of the establishment of the town of Kuttawa and the creation of an artificial lake by one of the founders. He granted to the town the right to use the lake "for fishing, boating, bathing, baptizing, procuring ice and the like purposes." Long afterward, in litigation involving the lake and other property, the question was raised as to the right of the grantor to convey a parcel abutting the lake to a company for the erection of a pumping station and waterworks and authority to take water from the lake. The court held that in granting the piscatorial and other rights to the town the grantor had retained ownership of the lake subject to those rights only, and that he could convey part of the shore to the water company. The application to the instant case is that the grantors, Ruby and wife, never deprived themselves of the right to use their property and the servient estate in the fifty-foot strip as they chose, so long as it does not interfere with the granted easement.

Generally, an easement cannot be enlarged or extended so as to increase the burden upon or to interfere with the servient estate. McBrayer v. Davis, Ky., 307 S.W.2d 14; Plunkett v. Weddington, Ky., 318 S.W.2d 885. It is true that some-

times additional use and reasonable deviation may be permitted the grantee when there has been a normal development of the use of the dominant estate. Cincinnati O. & T. P. R. Co. v. Barker, Ky., 247 S.W.2d 943; Cameron v. Barton, Ky., 272 S.W.2d 40. But that interpretation cannot apply in this case, for there has been no development beyond that contemplated at the time of the grant.

We are of opinion the judgment is correct and it is

Affirmed.