Charlie DANIEL et al., Appellants,

v.

Harry CLARKSON et al., Appellees.

Court of Appeals of Kentucky.

Sept. 23, 1960.

**692**

George F. Gallup, Catlettsburg, for appellant.

Bunyan S. Wilson, Jr., and P. H. Vincent, Ashland, for appellee.

PALMORE, Judge.

This is a suit to enjoin the obstruction of a claimed passway easement across farm land. The answer put in issue the existence of the easement, but the case was tried and has been briefed in this court as if the only question were the location of the right-of-way. Both sides appeal from the location as fixed by the chancellor.

Clarkson and wife, the plaintiffs, own a 92-acre tract of land bought from John W. Honaker (Mrs. Clarkson's father) in 1944. Adjacent to and immediately south of this land is the 75-acre tract of Daniel and wife, the defendants, which they bought from Fields in 1952, Fields having acquired it in 1942 from John W. Honaker (the father of Mrs. Fields as well as Mrs. Clarkson). Both places had been part of a larger tract owned by Honaker over a long period of years. The disputed passway easement runs across the Daniel tract and provides access

to the Clarkson tract from a county road situated some distance to the south.

The 1944 deed from Honaker to the Clarksons contained the following:

"Together with the perpetual right to use the passway extending from said lands over and across the lands of Bert Fields and Herbert Scarberry and being the pasways [sic] reserved by the grantor herein in Deeds of conveyance to Bert Fields and Herbert Scarberry."

Despite this reference to a prior reservation of the easement in Honaker's deed to Fields, there was no such express reservation, nor was sufficient proof introduced to support an easement by prescription. There may, however, have been an implied reservation under the principles set forth in Knight v. Shell, 1950, 313 Ky. 852, 233 S.W.2d 973, and Sievers v. Flynn, 1947, 305 Ky. 325, 204 S.W.2d 364, based on such use of the lands during the single ownership of John W. Honaker as to create a "quasi-easement." And since the parties have confined their dispute to the matter of location we shall treat that as if it were the issue, and the only issue, raised in the pleadings. CR 15.02.

The location of an easement the very existence of which has been so vaguely established as in this case taxes the best resources of judicial ingenuity. Each side produced a map allegedly originating in the Federal Land Bank files during years past, and each of these maps shows a route different from the other. The Clarkson tract, for the benefit of which the easement is said to exist, is uninhabited and apparently unused. Visits to it have been few and far between. The route of the passway as claimed by plaintiffs is shown by photographs as unbroken, unmarked meadow-land. There was no satisfactory evidence that this particular route was known to the defendants when they purchased the servient tenement. In such a case, there being no definite location of the easement,

the servient owner has the right to fix a reasonable route. Gabbard v. Campbell, 1944, 296 Ky. 216, 176 S.W.2d 411. On his omission to do so within a reasonable time the owner of the dominant estate may make the selection, which will be upheld unless he has abused his right, and in cases where the parties cannot agree the location may be determined by the court. Saulsberry v. Saulsberry, 6 Cir. 1941, 121 F.2d 318, 323. Under these principles we think the location and dimensions of the passway became a matter for the chancellor to determine in his reasonable discretion, and we find no indication that he abused that discretion.

The judgment is therefore affirmed on both the appeal and cross-appeal.