**Martha HELTON et al., Appellants,**

v.

**Hewitt JONES, Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

Rehearing Denied June 3, 1966.

Jackson White, Denney, Landrum, White & Patterson, Lexington, for appellants.

Fritz Krueger, Somerset, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment recognizing the right of appellee to a passway easement over the lands of appellants, and enjoining them from interfering therewith. Appellants contend appellee's use of this passway was permissive and not a matter of right; and that by reason of a written contract appellee had relinquished the easement.

The two tracts involved were once owned by Tom Noe. Across his land was a roadway approximately 125 feet in length connecting two highways paralleling each other. The use of one of the highways has long since been abandoned but the roadway in controversy has been continuously used for over fifty years as a means of access to the principal highway.

In 1929 the original owner died and his property was divided into two tracts. Since

that date the owners and occupants of appellee's tract have continued to use this roadway over the other tract, now owned by appellants, up until the development of this litigation. Many years ago a gate was put up across it and was there in 1943 when appellants purchased the property. On several occasions this gate was padlocked by appellants but appellee was furnished a key to the lock.

In 1964 appellants placed a new lock on the gate and did not give appellee a key. He thereupon obtained a warrant charging one of appellants with obstructing a public passway. After her arrest, prosecution on the warrant was abandoned upon the execution of a contract between the parties, which we will subsequently discuss.

Appellants' contention is that the use of this passway (for a period of fifty years) has always been *permissive* and therefore the use of it never ripened into an easement. Appellee contends that when the lands were originally divided an easement was created, but in any event, the long-continued user matured into an absolute right.

The facts in this case are almost identical with those in Delong v. Cline, 302 Ky. 358, 194 S.W.2d 631. It was therein held that upon a division of a tract of land under the same circumstances we have here, an easement will pass by implication "as if he had a deed thereto" to the party who acquired the parcel whose enjoyment required the use of a pre-existing passway over another parcel.

■■ This principle amply supports the Chancellor's finding of the existence of an easement although his finding appears to have been based on his conclusion that appellee had acquired his rights by prescription or adverse possession. Such alternate ground of the decision is also amply supported by the record. The circumstances would justify no other conclusion but that appellee had a permanent easement as a matter of right. The existence of the gate

may have restricted the scope of the easement but certainly did not destroy it.

The next question involves a written contract entered into by the parties after appellee had obtained a warrant against one of the appellants for obstructing the passway. In this agreement appellants purported to grant appellee the right to use the road for a period of 120 days, and appellee agreed "to turn said roadway back to the first parties and to cease to use said road at the expiration" of that period. The Chancellor refused to give effect to this contract on the ground that since appellee had the right to use the roadway in perpetuity, there was no consideration for his agreement to relinquish that right at the end of 120 days.

■ We are inclined to agree with the Chancellor that appellee's relinquishment of his easement rights was not supported by adequate consideration. The only quid pro quo which he received from appellants was the ostensible grant of an easement for a limited period which appellee had the right to enjoy in perpetuity. In effect appellee gave up something for nothing.

■ It is appellants' contention that where there is a bona fide dispute concerning the respective rights of two parties, the settlement of that controversy must be upheld regardless of the particular merits of either claim. This is generally true. Under the peculiar circumstances of his case, however, we do not think there was a bona fide settlement of reciprocal meritorious claims under the principles set out in Hall v. Fuller, Ky., 352 S.W.2d 559. In our opinion, even if the agreement was supported by consideration, it would be unconscionable to enforce it against appellee.

This agreement grew out of an emergency situation which was brought on by appellants' unlawful act in blocking appellee's passway. Appellee's dairy business was seriously threatened as he had no other means of egress from his land. In entering into this agreement, he was under duress

and was acting without the advice of counsel. In view of the emergency situation confronting both parties, the nature of the immediate controversy, the fact that appellee's rights had long before been established without dispute, and the illusory nature of the right granted by appellants, we think equitable considerations entitled appellee to relief from the contract relinquishing his rights.

The judgment is affirmed.