**W. A. WILLIAMS et al., Appellants,**

v.

**Dan SLATE, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

As Modified on Denial of Rehearing
June 16, 1967.

L. B. Weir, Madisonville, for appellants.

Richard L. Frymire, Madisonville, for appellee.

CLAY, Commissioner.

Appellants in this suit sought to enjoin appellee from maintaining a barricade across a passway on land owned by him which allegedly had long been used by the general public. The Chancellor granted appellants substantial relief by enjoining appellee from closing the passway to the general public "traveling on foot, on horseback, or in small vehicles". It is appellants' contention that they had the right to use it as a coal-haul road for heavy trucks.

The sole issue in this case is whether the "prescriptive" right of the public in this passway was sufficiently broad to include its commercial use for coal hauling by truck. The Chancellor properly decided that the public had acquired a passway easement by long-continued user. The only question is the nature of the use which the easement authorizes.

It was not until 1954 that this old farm road was reconstructed to accommodate commercial coal haulage by truck. There is some dispute as to whether this substantial change in the nature of the use was permissive, but it is immaterial. Assuming it was adverse, it did not continue, prior to the filing of this suit, for the statutory period of 15 years, which would have created a right to such user. It is apparently appellants' contention that if the general public had acquired a passway easement prior to 1954 (which the judgment confirmed), such easement carried with it the right to any public user which the road would physically support regardless of the nature of the use or the type of vehicles employed. The law is to the contrary.

An easement by prescription is limited by the purpose for which it is acquired and the use to which it is put for the statu-

tory period. Ben Snyder, Inc. v. Phoenix Amusement Co., 309 Ky. 523, 218 S.W.2d 62; Campbell v. Winchester Realty Co., Ky., 294 S.W.2d 919. In Lyle v. Holman, Ky., 238 S.W.2d 157, 159, the following observations were made:

> "When acquired by prescription it may be conditional and restricted according to the use and purpose of its enjoyment during the prescriptive period. It will not ripen into a greater estate after the period of limitation has passed. The right is crystallized as to form during the waiting period and is of the nature of the use during that period."

 The principle applies equally to a public or private easement. Baker v. Maggard, Ky., 255 S.W.2d 45. That case involved a public passway and the facts are quite similar to those we have here involved. It was held that where the prescriptive right of public use was acquired for pedestrian and horseback traffic, the public had no right to convert it to vehicular use, even though the owner had permitted an individual to improve the passway and put it to such additional use. For other authorities on this subject, see 5 A.L.R. 3rd 439.

In Cameron v. Barton, Ky., 272 S.W.2d 40, which involved a grant by deed of an easement for general passway purposes, we observed that a passway right was not restricted to ancient modes of travel and that a normal change in the use of a passway did not constitute a deviation from the original grant. However, a passway easement by prescription is more limited because we cannot look to the intentions of the parties involved but are restricted to the nature of the actual use which defines the easement. In any event, assuming that improved methods of personal transportation would be permissible, a radical change in the nature of the use and type of vehicle employed would not constitute a normal development.

The easement acquired by prescription was for normal rural transporta-

tion purposes. Converting the passway to a haul-road for heavy coal trucks was an entirely new and heavily burdensome use unrelated to that which had theretofore existed. A prescriptive right to such use could only be acquired, not by tacking it on to the prior use, but by its continuation for the full statutory period of 15 years. This was not established, and consequently appellants acquired no right to this type of user.

The judgment is affirmed.