# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING EN BANC

### NO. 03-08-00353-CV

**Appellant, Cambridge Holdings, Ltd.// Cross-Appellant,
The Cambridge Condominiums Council of Owners**

**v.**

**Appellee, The Cambridge Condominiums Council of Owners// Cross-Appellee,
Cambridge Holdings, Ltd.**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-05-002606, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## DISSENTING OPINION

I respectfully dissent from the decision to deny the motion for en banc reconsideration. Because the type of continuous use necessary to support a finding of adverse possession by prescription of an easement for use as a fire escape is an issue of first impression, implicating public policy concerns regarding fire safety in multi-family residences, this case presents the type of "extraordinary circumstances" that require en banc consideration. *See* Tex. R. App. P. 41.2(c).

As the panel opinion points out, the nature, intensity, or frequency of property use that suffices to establish continuous adverse use may vary according to the character of the claimed

easement and the normal use its owner would make of it. *See Restatement (Third) of Property (Servitudes)* § 2.17 cmt. i. While acknowledging that the normal utilization of a fire escape would be relatively infrequent, the panel holds that the Council failed to show continuous use in this case by failing to present evidence that the North Corridor was ever actually used by the residents to escape a fire. I would adopt the reasoning of other jurisdictions that have recognized the unique nature of easements for use as a fire escape and held that evidence of continuous use of the easement to actually escape a fire is not necessary to support adverse possession by prescription, provided the owner is on notice that the property is continuously being used to satisfy fire code requirements. *See Ben Snyder, Inc. v. Phoenix Amusement Co.*, 218 S.W.2d 62, 64 (Ky. 1949) (holding that use of fire exit was continuous because area was continuously maintained and kept open for purpose as fire escape, despite infrequent use as means of escape); *Brooks, Gill, & Co. v. Landmark Props.*, 503 N.E.2d 983, 985 (Mass. App. Ct. 1987) (holding that continuous-use requirement was satisfied where fire escape was continuously used by claimant as "its method of satisfying the State building code requirements for egress," despite fact that "occasions for representatives of [claimant] to walk on it were few"). Because the Council presented sufficient evidence that FCP/IDJ and Cambridge had actual notice of the Council's use of the North Corridor as a code-compliant fire exit, I would affirm the judgment of the trial court. *See Ben Snyder*, 218 S.W.2d at 64 ("It would be absurd to say that, because there were not frequent fires requiring equally frequent use of the areaway as a means of escape, the right would be defeated, when, as a matter of fact, it was used at all times according to the nature of the use to be made of the easement."); *Brooks, Gill, & Co.*, 503 N.E.2d at 985 (analogizing use of fire escape as potential evacuation route to "use of a wall in an adjoining building

2

for support, which, by its very existence in a particular location, may be 'used' in such a way as to create a prescriptive easement.").

For this reason, I respectfully dissent from the denial of en banc reconsideration.

_____

Diane M. Henson, Justice

Filed: August 31, 2010

3